JOY R. BEAUVILLIER ET AL. *v.* JOHN F. FINN

SUPERIOR COURT    LITCHFIELD COUNTY    FILE No. 17731

Memorandum filed September 21, 1964

*Weisman & Weisman,* of Waterbury, for the plaintiffs.

*Carmody & Torrance,* of Waterbury, and *Regnier, Moller & Taylor,* of Hartford, for the defendant.

SHAPIRO, J. This is an automobile negligence suit. The accident is alleged to have occurred on January 10, 1963. Various claims of negligent conduct are made against the defendant in the original complaint dated January 7, 1964, and served the same day. On September 1, 1964, plaintiffs filed a motion for permission to amend their complaint. No issue is raised as to counts 1 and 2, but the defendant does object to proposed counts 3 and 4 on the claim that a new cause of action is there alleged and that by virtue of the Statute of Limita-

tions this cannot be done. *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330; *Veits* v. *Hartford,* 134 Conn. 428, 434.

Proposed paragraphs 3 and 4 charge the defendant with "wanton misconduct" and seek exemplary damages. The plaintiff contends that this is not a new cause of action. "No action to recover damages for injury to the person, . . . caused by negligence, or by reckless or wanton misconduct, . . . shall be brought but within one year from the date when the injury is first sustained . . . ." General Statutes § 52-584.

Wanton misconduct is more than negligence; it is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action. *Decker* v. *Roberts,* 125 Conn. 150, 155, and cases cited thereunder. The defense of contributory negligence is not available where injury is inflicted under conditions open to the charge of wilfulness or wantonness. *Bordonaro* v. *Senk,* 109 Conn. 428, 433, and cases cited thereunder.

In a case where negligence as well as wanton misconduct was alleged, the court held: "The complaint stated a cause of action not merely for negligence *but also one for wanton misconduct.* [Italics supplied.] Wanton misconduct is more than negligence, more than gross negligence. . . . Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct." *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 199, and cases cited thereunder.

Both counsel agree that the court may rule on this controversy in the form in which it was presented. This will, of course, save time. It might have been raised by first permitting the filing of

the amended complaint and then that being attacked by a demurrer, raising the same argument as now. *DeMartino* v. *Siemon,* 90 Conn. 527, 528.

One purpose (of statutes of limitation) is to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off their guard by want of prosecution. *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 174. It is abundantly clear that the Statute of Limitations applies to counts 3 and 4. They obviously allege a new cause of action more than "one year from the date when the injury . . . [was] first sustained." The cases cited as well as the mandate of § 52-584 will not permit the filing of the amended complaint as to counts 3 and 4.

Accordingly, the motion for permission to amend the complaint as to proposed counts 3 and 4 is denied.