# RICHARD ROGOZINSKI *v.* AMERICAN FOOD SERVICE EQUIPMENT CORPORATION ET AL.
## (12396)

LAVERY, LANDAU and FREEDMAN, Js.

Argued April 5—decision released June 21, 1994

*William C. Turney,* with whom, on the brief, was *Herbert Watstein,* for the appellant (plaintiff).

*James E. Kernan,* for the appellee (defendant Henry M. Osowiecki and Sons, Inc.).

*Robert H. Hall,* for the appellee (defendant Connecticut Light and Power Company).

*Joseph A. LaBella,* for the appellee (defendant Regional Reporting Services of New England, Inc.).

*Randolph E. Richardson II,* with whom was *Elizabeth A. Bozzuto,* for the appellees (defendant American Food Service Equipment Corporation et al.).

FREEDMAN, J. The plaintiff, Richard Rogozinski, appeals from the trial court's judgment rendered following the granting of the defendants'[1] motions for summary judgment. On appeal, the plaintiff claims the trial court improperly (1) held that the plaintiff's action was barred by the statute of limitations, and (2) set aside the default for failure to plead against the defendant Connecticut Light and Power Company (CL&P).[2] We affirm the judgment of the trial court.

The trial court found the following facts. In 1982, the plaintiff hired the defendant Henry M. Osowiecki and Sons, Inc. (Osowiecki) and other contractors to renovate, construct and install a kitchen, designed by the defendant American Food Service Equipment Corpo-

---

[1] The defendants include Henry M. Osowiecki and Sons, Inc., American Food Service Equipment Corporation doing business as Waterbury Store Fixture Company, Willis A. Holmes, Jr., Marcel Dionne doing business as Dionne and Sons, Regional Reporting Services of New England, Inc., doing business as Regional Reporting Service, Inc., and Connecticut Light and Power Company.

[2] The plaintiff also claims that the trial court improperly extended the time in which CL&P could file its notice of defenses. Our review of the trial court file reveals that the trial court never granted CL&P an extension of time in which to file a notice of defenses. Such action would, in any event, have been unnecessary in light of the fact that the default was set aside and an answer and special defenses were filed.

ration (American Food) in the plaintiff's restaurant. Soon after the restaurant opened, it was severely damaged by a fire in the kitchen. The plaintiff's insurer, Transit Casualty Insurance Company (Transit), paid the plaintiff pursuant to his insurance policy. The plaintiff and Transit initially filed a suit against Osowiecki, American Food, Willis A. Holmes, Jr., Marcel Dionne Regional Reporting Services of New England, Inc., and CL&P.

In this initial action, the plaintiff and Transit alleged that the fire had been caused by the placement of an oven too close to an insufficiently fireproofed wall. This action was dismissed on August 3, 1987, because the plaintiff failed to comply with a request to revise the complaint. On March 23, 1988, the plaintiff and Transit refiled the action, pursuant to General Statutes § 52-592,[3] the accidental failure of suit statute. This second action was dismissed on June 14, 1988, for late return of process.

On July 14, 1988, the action was again refiled. This time, however, the plaintiff and Transit alleged breach of contract as well as the negligence alleged in the previous actions. This third action was dismissed on December 8, 1989, for failure to prosecute with due diligence pursuant to Practice Book § 251. The plaintiff,

---

[3] General Statutes § 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

this time without Transit, again refiled the breach of contract action on October 26, 1990 (fourth action).[4]

The complaint in the plaintiff's fourth action alleged that the defendants had breached their contracts in that they breached implied warranties and failed to perform their work in a skillful and workmanlike manner. On December 31, 1991, Osowiecki filed a motion for summary judgment. The trial court, *Meadow, J.,* in a written memorandum of decision, granted the motion for summary judgment. The other defendants filed subsequent motions for summary judgment which were granted without an opinion by the trial court, *Parker, J.* On April 23, 1993, the plaintiff filed a motion for articulation of the trial court's granting of the defendants' motions for summary judgment.[5] The trial court denied the motion for articulation. The plaintiff appeals from the judgment granting all the motions for summary judgment.

I

The plaintiff first claims that the trial court improperly held that his action was barred by the statute of

_____

[4] In November, 1990, Transit filed its own breach of contract action in the federal district court. The suit in federal court was dismissed on July 1, 1991, because it was filed after the expiration of the statute of limitations.

[5] It is not clear from the motion itself whether the plaintiff was requesting an articulation of only the trial court's decision granting the motion for summary judgment of CL&P, or whether the plaintiff was requesting an articulation of all the trial court's decisions granting the motions for summary judgment of all the defendants other than Osowiecki. Resolution of this question, however, is not necessary for the disposition of this appeal because the trial court denied the plaintiff's motion for articulation, and the plaintiff failed to file a motion for review with this court. Thus, with respect to all the defendants except Osowiecki, there is no signed transcript or memorandum of the trial court's decision before this court. The plaintiff, therefore, has failed in his duty under our rules of practice to provide us with an adequate record to review his claims with respect to all the defendants except Osowiecki, and thus, those claims must fail. *Holmes v. Holmes,* 32 Conn. App. 317, 323, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993).

limitations. Specifically, the plaintiff claims that the trial court improperly held that the term "original action" in General Statutes § 52-592 (a) refers to the first action brought by the plaintiff, sounding in negligence, and not the subsequent action sounding in contract. We do not agree.

Before we begin our analysis, it is helpful to point out what is presently at issue before us. The question is not whether the plaintiff, after timely filing a negligence action that is dismissed without resolution on the merits, may later timely file an action based on the same factual scenario but sounding in contract. The question is whether a plaintiff may take advantage of the accidental failure of suit statute, General Statutes § 52-592 (a), where the factual basis of the initial action is the same as a subsequent action, but the initial action sounds in tort and the subsequent action sounds in contract.

Section 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the *original action* or after the reversal of the judgment." (Emphasis added.)

The plaintiff argues that the plain meaning of the language of § 52-592 (a) provides that if any action, commenced within the statute of limitations, has been defeated for any matter of form, then he may bring a new action for that same cause under the statute. He further argues that because he filed the contract action for the first time, on July 14, 1988, within the six year statute of limitations,[6] and then commenced the action

---

[6] General Statutes § 52-576 (a) provides: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be

presently before us within one year of the dismissal of the contract action for a matter of form, the contract action is saved by the statute. At first glance, this argument is appealing. On closer inspection, however, the argument is not persuasive.

In order to take advantage of § 52-592 (a), the plaintiff must satisfy all the requirements therein. Here, the contract action (the third action) was commenced within the time limited by law,[7] and it has not been tried on its merits due to its dismissal for a matter of form.[8] The question that remains is whether the fourth action was filed within one year after the determination of the "original action." Resolution of this matter, therefore, turns on the meaning of the term "original action" for the purpose of § 52-592 (a).

In *Pintavalle* v. *Valkanos,* 216 Conn. 412, 416, 581 A.2d 1050 (1990), our Supreme Court, citing *Marangio* v. *Shop Rite Supermarkets, Inc.,* 11 Conn. App. 156, 525 A.2d 1389, cert. denied, 204 Conn. 809, 528 A.2d 1155 (1987), held that the term "original action" in § 52-592 (a) refers to the *first action* brought within the applicable statute of limitations.[9] Section 52-592 (a),

---

brought but within six years after the right of action accrues, except as provided in subsection (b) of this section."

[7] See footnote 6.

[8] Dismissal for failure to prosecute with due diligence is considered a dismissal for a matter of form. *Lacasse* v. *Burns,* 214 Conn. 464, 572 A.2d 357 (1990); *Skibeck* v. *Avon,* 24 Conn. App. 239, 587 A.2d 166, cert. denied, 219 Conn. 912, 593 A.2d 138 (1991). Additionally, all of the previous actions were dismissed without resolutions on the merits. The first action was dismissed for failure to comply with a request to revise. The second action was dismissed for late return of process. The action in federal district court was dismissed because it was filed after the expiration of the statute of limitations.

[9] The procedural situations addressed in *Pintavalle* v. *Valkanos,* 216 Conn. 412, 581 A.2d 1050 (1990), and *Marangio* v. *Shop Rite Supermarkets, Inc.,* 11 Conn. App. 156, 525 A.2d 1389, cert. denied, 204 Conn. 809, 528 A.2d 1155 (1987), differ somewhat from the situation presently before us. In both *Pintavalle* and *Marangio,* the plaintiff had filed an action within the appli-

therefore, may be used only in the situation where a plaintiff files a subsequent action within one year of the dismissal, for the reasons provided in the statute, of the *first action.* We, therefore, must determine which action, the negligence action or the contract action, was the *first action* for the purpose of § 52-592 (a).

It is well settled that "[a] cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 197, 91 A.2d 778 [1952]; *Veits* v. *Hartford,* 134 Conn. 428, 434, 58 A.2d 389 [1948]. 'A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action.'

cable statute of limitations. That action was dismissed for a matter of form, and the plaintiff filed a subsequent identical action within one year, under General Statutes § 52-592 (a). This second action was also dismissed for a matter of form, and the plaintiff filed a third identical action within one year after dismissal of the second action, again relying on § 52-592 (a). In both cases our courts held that to allow a party repeatedly to utilize § 52-592 (a) was contrary to the plain language of the statute and it further defeated "the basic purpose of statutes of limitation, namely, promoting finality in the litigation process." *Pintavalle* v. *Valkanos,* supra, 417; see also *Marangio* v. *Shop Rite Supermarkets, Inc.,* supra, 160–61. Nonetheless, we conclude that even though the factual scenarios may differ, the same reasoning applies in this case. "[Section § 52-592 (a)] was passed to avoid the hardships arising from an unbending enforcement of limitation statutes. The extension of time provided by it applies to all cases where a suit, seasonably begun, has failed for one or more of the causes stated. . . . It is remedial and is to be liberally interpreted. . . . When a suit has been started seasonably, the statute extends the Statute of Limitations for a period of one year after the determination of the original action." (Citations omitted; internal quotation marks omitted.) *Ross Realty Corp.* v. *Surkis,* 163 Conn. 388, 392–93, 311 A.2d 74 (1972). Here, the fire occurred twelve years ago and this is the fourth action started in state court to resolve the dispute. All of the previous dismissals were due to some failure to act on the part of the plaintiff. Thus, it is clear that this is not the situation that § 52-592 was intended to remedy.

*Pavelka* v. *St. Albert Society,* 82 Conn. 146, 147, 72 A. 725 [1909]." *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330, 170 A.2d 724 (1961). "Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action. [*Bridgeport Hydraulic Co.* v. *Pearson,* supra, 197]." *Duhaime* v. *American Reserve Life Ins. Co.,* 200 Conn. 360, 365, 511 A.2d 333 (1986).

Here, the group of facts from which the contract action arises is identical to the group of facts from which the negligence action arises. Both actions, therefore, are the same "cause of action." Because there is only one "cause of action," the *first action* must be the original negligence action dismissed on August 3, 1987. In order for § 52-592 (a) to apply, a subsequent action must have been filed within one year of August 3, 1987. The action filed October 26, 1990, was filed well after the expiration of the one year period, and therefore, cannot be saved by § 52-592 (a).

The trial court properly found that the plaintiff's action was barred by the statute of limitations.

## II

The plaintiff next claims that the trial court improperly set aside the default for failure to plead against CL&P. We do not agree.

On April 3, 1992, the plaintiff filed a motion for default for failure to plead against CL&P. The trial court granted this motion on April 13, 1992. On October 5, 1992, the plaintiff filed a claim for the civil trial list for a hearing in damages. On October 8, 1992, CL&P filed a motion to set aside the default pursuant to Practice Book § 363A. The trial court granted this motion on November 9, 1992.

Practice Book § 363A provides in part: "If a party who has been defaulted under this section files an

answer before a judgment after default has been rendered by the court, the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the court." Here, a claim for a hearing in damages was filed on October 5, 1992, and therefore, the default may have been set aside only by the court.

The plaintiff argues that because § 363A does not provide any guidelines for the trial court to follow when determining whether to set aside a default, the trial court should turn to Practice Book § 376[10] for such guidelines. We are not persuaded.

Section 363A is entitled "Where Defendant is in Default for Failure to Plead." It, therefore, specifically applies to situations where a defendant is in default for failure to plead, while § 376 refers to motions to set aside a default as long as judgment has not been entered. Additionally, the language of § 376 specifically refers to § 363A and the fact that certain defaults may be set aside by the clerk. We conclude that because there is a specific rule of practice concerning motions to set aside a default for failure to plead we should rely on that particular rule in this case, and not look to the standards of a different rule.

In the past this court has reviewed a trial court ruling on a motion to set aside a default for failure to plead pursuant to § 363A under the abuse of discretion standard. *Tolland Bank* v. *Larson,* 28 Conn. App. 332, 610 A.2d 720 (1992). Here, the attorney for CL&P submitted an affidavit attesting that there was a good defense, that a motion for summary judgment had been granted

---

[10] Practice Book § 376 provides: "A motion to set aside a default where no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose. As part of its order the court may extend the time for filing pleadings or disclosure in favor of a party who has not been negligent. Certain defaults may be set aside by the clerk pursuant to Secs. 352 and 363A."

in the case with respect to a codefendant, that he intended to file a motion for summary judgment similar to that filed by the codefendant, and that he was not aware of the change in the rules of practice requiring an opening of a default by the court once a claim for a hearing in damages had been filed.[11] He, therefore, thought that he would be able to file an answer as a matter of right. Our review of the record reveals that the trial court did not abuse its discretion in granting the motion to set aside the default for failure to plead.

The judgment is affirmed.

In this opinion the other judges concurred.

[11] On October 1, 1992, Practice Book § 363A was amended to include the last sentence which provides that "[i]f a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the court." Prior to October 1, 1992, where a judgment on the default had not been rendered by the court, the clerk was required to set aside the default on the filing of an answer by the defendant. Here, the plaintiff's claim to the trial list for a hearing in damages was filed on October 5, 1992, and CL&P's motion to set aside the default was filed October 8, 1992.