[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This action arises from a motor vehicle accident where an automobile struck a minor pedestrian. In October 1991, the plaintiffs attempted, unsuccessfully, to file an action against the defendants. Approximately one year later, in October 1992, the plaintiffs discovered that their first action was never filed with the court due to insufficient return of writ. The plaintiffs therefore filed a second action in November 1992 against the same defendants. The defendants now move for summary judgment arguing that there remains no genuine issue of material fact because the present "second" action is time barred by the applicable statute of limitation. The plaintiffs, however, argue that the present action is saved from the statute of limitation by the accidental failure of suit statute, General Statutes § 52-592, because the present action was commenced within six months from the date it was determined that the plaintiffs' prior "original action" failed due to insufficient return of writ.
The primary issue before the court is: On what date was it determined that the plaintiffs' original action failed as a result of insufficient return of writ due to unavoidable accident. The answer to this question is critical because the plaintiffs cannot avail themselves of the accidental failure of suit statute unless they commenced the present action within six months from the date it was determined that the original action failed.
I. FACTS
As far as the statute of limitation is concerned, the consequential allegation is that on September 30, 1989, William A. Boyd, now deceased, negligently operated his motor vehicle and struck pedestrian Brandon Rausch. On September 29, 1991, one day short of two years from the alleged accident, the plaintiffs, Brandon, Meta and Frank Rausch, drafted their first complaint against the defendants, the Estate of William A. Boyd and the CT Page 7822 estate's executor, H. Judson Carr. It is uncontroverted that on the same day, the plaintiffs delivered the writ, summons and complaint to a sheriff for service upon the defendants. See Aff. of John L. Senning, ¶ 3, filed In Support of Plf's Opposition to Motion for Summary Judgment (hereinafter "Senning Aff."). The sheriff served the defendants on October 10, 1991. It is further uncontroverted for the purposes of this motion for summary judgment that on October 15, 1991, plaintiffs' counsel mailed the first writ, summons and complaint to the court, along with a check to the court for the filing fee. See Senning Aff. ¶ 3. The court, however, never received the first return of writ, and thus it is presumed that the return was lost in the mail.
Around October 1, 1992, nearly one year later, the plaintiffs discovered that the court never received the first return of writ. The plaintiffs therefore drafted a second complaint against the defendants. The sheriff served the second writ, summons and complaint, relating to the present action, on November 10, 1992. There is no dispute that the second complaint is identical in all respects to the original complaint.
On January 24, 1994, the defendants answered the second complaint, and set forth three special defenses. By way of the third special defense the defendants claim that the plaintiffs' action is barred by the applicable statute of limitation, General Statutes § 52-584, because the plaintiffs failed to commence the present action within two years from the date they sustained their injuries. On March 2, 1994, the plaintiffs replied to the special defenses, and generally denied each.
On December 27, 1994, the defendants filed a motion for summary judgment together with a memorandum of law and attached exhibits. The defendants argue that they are entitled to summary judgment as a matter of law because there remains no genuine issue of material fact that the plaintiffs' present action is barred by the applicable statute of limitation. On May 8, 1995, the plaintiffs filed a memorandum of law in opposition to the motion for summary judgment, together with the affidavit of the plaintiffs' attorney, John L. Senning.
II. DISCUSSION
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material CT Page 7823 fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Zauner v. Brewer,220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116
(1990). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation mark omitted.) Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burns v.Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]."Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, supra, 246-47.
Initially, the plaintiffs contend that the court already considered and rejected the defendants' statute of limitation argument when it denied the defendants' motion to strike the complaint. The plaintiffs therefore argue that the court should not again entertain the same; rather, the plaintiffs argue that the court should summarily deny the defendants' motion for summary judgment without consideration.
A review of the court's decision on the motion to strike reveals that the court never reached the merits of the defendants' statute of limitation defense. On May 27, 1993, the defendants moved to strike the present complaint on the ground that the action is barred by the applicable statute of limitation.[1] After a hearing on the motion, the court, John Walsh, J., concluded that the defendants should raise their limitation defense as a special defense in the answer in order to provide the plaintiffs with an opportunity to plead facts in its avoidance. Indeed, it was clear to the court that the plaintiffs asserted that General Statutes §52-592, the accidental failure of suit statute, saved the plaintiffs' present action from dismissal. Accordingly, notwithstanding the plaintiffs' argument to the contrary, the court denied the motion to strike the complaint without reaching or considering the merits of the limitation defense. Thus, this court CT Page 7824 will consider whether the plaintiffs' present action is barred by the statute of limitation.
The applicable statute of limitation, General Statutes §52-584, states that "[n]o action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ." General Statutes § 52-584. It is undisputed that on September 30, 1989, the plaintiffs sustained their injuries from the alleged negligent conduct of the defendants' decedent. Further, it is undisputed that the plaintiffs commenced the present action on November 10, 1992, over three years after the plaintiffs sustained their injuries. See e.g. Broderick v. Jackman, 167 Conn. 96,99, 355 A.2d 234 (1974) (an action is commenced when the writ, summons and complaint are served upon the defendant). Therefore, the plaintiffs' present action was commenced beyond the time permitted by law and unless the plaintiffs can avail themselves of the accidental failure of suit statute, the action is barred.
"In order to take advantage of 52-592(a), the plaintiff[s] must satisfy all the requirements therein." Rogozinski v. AmericanFood Service Equip. Corp., 34 Conn. App. 732, 737, (1994). General Statutes § 52-592, states in relevant part:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient . . . return of the writ due to unavoidable accident . . . the plaintiff . . . may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action . . . .
 (b) When any action has been brought against an executor or administrator . . . and has failed for any of the causes listed in subsection (a) of this section, the plaintiff . . . may commence a new action within six months after the determination of the original action.
General Statutes § 52-592.
In the present case, § 52-592(b) applies because the plaintiffs' brought their action against an executor. See General CT Page 7825 Statutes § 52-592(b). Accordingly, in order to take advantage of the accidental failure of suit statute, the plaintiffs must prove that (a) there was a prior action; (b) the prior action was commenced within the time permitted by law; (c) the prior action failed for any one or more of the enumerated reasons within the statute; and, (d) the new action was commenced within six months from when it was determined that the prior action failed. SeeLacasse v. Burns, supra, 214 Conn. 470; General Statutes § 52-592.
The defendants' only meritorious arguments are that the plaintiffs cannot meet requirements (b) and (d) as set forth above.[2] First, regarding requirement (b), the defendants argue that the plaintiffs failed to commence an original action within the time permitted by law. The defendants contend that in order to commence an original action as contemplated by § 52-592, the court must exercise jurisdiction over the action. The defendants argue that since the plaintiffs failed to return the first writ, summons and complaint to the court, the court never exercised jurisdiction over the plaintiffs' alleged original action. Therefore, the defendants argue that the plaintiffs never commenced an original action.
If the court accepted the defendants' strained logic that, under § 52-592, the commencement of an action is dependent upon the court exercising jurisdiction over the matter, or upon the sufficient return of writ, then portions of § 52-592 would be rendered meaningless. Pursuant to § 52-592, a plaintiff may commence a new action if a prior action commenced "has been dismissed for want of jurisdiction." General Statutes § 52-592(a). Therefore, it is clear that the commencement of the original action is not dependent upon the court exercising jurisdiction over the matter. Id.; See also Pintavalle v. Valkanos, 216 Conn. 412, 418,581 A.2d 1050 (1990) (rejecting an interpretation of "original action" as the first action that the court exercised jurisdiction over).
Similarly, if sufficient return of writ is required to commence an "original action" under § 52-592, then within the text of § 52-592, the legislature provides for and speaks to an impossibility; an action that was commenced within the time permitted by law but failed due to insufficient return of writ. See General Statutes § 52-592. It is a well established rule of statutory construction that "[a] statute should be read as a whole and interpreted so as to give effect to all of its provisions." E.g. Pintavalle v. Valkanos, supra, 216 Conn. 418. Accordingly, CT Page 7826 this court refuses to interpret § 52-592 where the interpretation conflicts with the plain language of the statute; id.; or where the interpretation would render a part of the statute superfluous or meaningless. See Hayes v. Smith, 194 Conn. 52, 58, 480 A.2d 425
(1984). Thus, an original action is commenced, as contemplated by § 52-592, when the original writ, summons and complaint are served upon the defendant.
In this case, on September 29, 1991, the plaintiffs delivered the original writ, summons and complaint to a sheriff for service upon the defendants. The defendants admit that they were served with the original writ, summons and complaint on October 10, 1991. Therefore, the plaintiffs' original action was commenced within the time permitted by law as required by the accidental failure of suit statute. General Statutes § 52-593a.[3]
In the alternative, the defendants further argue that even if the court finds that the plaintiffs commenced an original action within the time permitted by law, the plaintiffs cannot avail themselves of the accidental failure of suit statute because the plaintiffs failed to commence the new action within six months from the date it was determined that the original action failed. General Statutes § 52-592(b). In this regard, the defendants argue that the date that it was determined that the plaintiffs' original action failed as a result of insufficient return of writ was on the return day of the original action, November 4, 1991. The defendants argue that since the original action was not returned to the court by its return day, the original action necessarily had to fail at that precise moment. The present action was not commenced until November 10, 1992, one year and six days after the return date of the original action. Therefore, the defendants argue that the plaintiffs failed to commence the new action within six months from the date the original action failed.
The plaintiffs however, contend that it was determined that the original action failed on October 1, 1992. Under oath of affidavit, plaintiffs' counsel testifies that on or about October 1, 1992, while reviewing case counsel noticed that while his pleading file contained a copy of the summons and complaint, and the notice of appearance on behalf of the defendants, the file did not contain "any computer printout cards such as those usually generated by the Court regarding assignment of case/docket number and/or the status of appearances on file. Plaintiffs' counsel then contacted the Clerk's Office at the Superior Court for the judicial District of Middlesex at Middletown to inquire regarding the status CT Page 7827 of this matter. After looking into this matter, the Clerk's Office subsequently advised Plaintiffs' counsel that it could not find any record of the case on file." See Senning Aff. ¶ 6. The plaintiffs argue that this was the first notice the plaintiffs received informing them that the court never received the first writ, summons and complaint. Therefore the plaintiffs argue that October 1, 1992 is the date that it was determined that the original action failed for insufficient return of writ. Accordingly, the plaintiffs argue that the present action is saved because they filed the "new action" on November 10, 1992, within six months from the date it was determined that the first action failed.
In the usual case involving § 52-592, the date it was determined that the original action failed is easy to ascertain because there is ordinarily some affirmative action taken by the trial court. See e.g. Isaac v. Mount Sinai Hospital, 210 Conn. 721,557 A.2d 116 (1989) (where the court dismissed the plaintiff's original action). In this case, however, the court never received the original writ, summons and complaint. Hence, this court, unaware of the existence of the plaintiffs' original action, performed no act in relation thereto. Thus, the dispositive issue in this case boils down to: On what date, in the absence of an affirmative act by the court, was it determined that the plaintiffs' original action failed for insufficient return of writ?
The analysis of this issue requires a review of General Statutes §§ 52-584 and 52-592, and how they impact on one another. See Marangio v. Shop Rite Supermarkets, Inc., 11 Conn. App. 156,159, 525 A.2d 1389 (1987). "Section 52-584 places a limit upon the time parties are subject to litigation, while 52-592 (a) serves to save suits that would otherwise be barred by the statute of limitations." Id. "The extension of time [provided by § 52-592] is in terms made applicable to all cases where a suit, seasonably begun, has failed for the causes stated . . . . The provision is remedial in its character. It was passed to avoid hardships arising from an unbending enforcement of limitation statutes. . . . It should be construed as to advance the remedy rather than retard it." (Internal quotation marks omitted.) Isaac v. MountSinai Hospital, supra, 210 Conn. 727-28, quoting Korb v. BridgeportGas Light Co., 91 Conn. 395, 401-02, 99 A. 1048 (1917) (discussing General Statutes (1902) § 1127, which is the predecessor to § 52-592).
"Although 52-592 is a remedial statute and must be construed CT Page 7828 liberally; Isaac v. Mount Sinai Hospital, supra, 210 Conn. 728; it should not be construed so liberally as to render statutes of limitation virtually meaningless." Pintavalle v. Valkanos, supra,216 Conn. 417; Skibeck v. Avon, 24 Conn. App. 239, 243,587 A.2d 166 (1991). The main purposes of statutes of limitation are "to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off guard by want of prosecution;" Beauvillier v. Finn, 25 Conn. Sup. 361, 363,204 A.2d 415 (Super.Ct. 1964); and to promote finality in the litigation process. Pintavalle v. Valkanos, supra, 216 Conn. 417. Thus, rewarding a remiss plaintiff is clearly not the intent of the accidental failure of suit statute. Isaac v. Mount Sinai Hospital,
supra, 210 Conn. 733. Rather, as our Supreme Court stated quoting Judge Cardozo, the accidental failure of suit statute "is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. . . . The important consideration is that by invoking judicial aid, a litigant givestimely notice to his adversary of a present purpose to maintain hisrights before the courts." (Emphasis added.) Id., quoting Gainesv. New York, 215 N.Y. 533, 539, 109 N.E. 594 (1915) (Judge Cardozo).
Section 52-592 is thus designed to aid the diligent suitor. Id. Accordingly, the court concludes that the additional grace period beyond the statute of limitation afforded by § 52-592 in which to commence an action begins to run on the date that the reasonably diligent suitor should have determined that the original action failed. This conclusion is in accordance with the caselaw and consistent with the purposes of the accidental failure of suit statute. Id.
In this case, the plaintiffs mailed their original action to the court on October 15, 1991. Around October 1, 1992, the plaintiffs discovered that the court never received the original writ, summons and complaint. On November 10, 1992, the plaintiffs commenced the present action. Therefore, in order for this court to find that the plaintiffs commenced the present action within six months from the date it was determined that the original action failed, this court must find that under the circumstances of this case a reasonably diligent plaintiff should not have discovered until some time after May 10, 1992, over six months after the return date of the original action, that his or her original action was lost in the mail and not received by the court. In light of the procedural rules of the court and the facts particular to this case, the court concludes that the plaintiffs, acting as reasonably CT Page 7829 diligent plaintiffs, should have discovered earlier than May 10, 1992, that their original action failed, and thus, the present action is barred by the applicable statute of limitation.
First, the court begins with the understanding that the plaintiffs, not the defendants, bear the burden to act with reasonable diligence to prosecute their case after instituting suit. A. Sangivanni Sons v. F.M. Floryan Co., 158 Conn. 467,476, 262 A.2d 159 (1969). The Superior Court Civil Rules provide procedural time guidelines in order to facilitate the business of the court, advance the causes of justice, and aid the orderly progression of the lawsuit. Both the litigants and the court have a responsibility to abide by these rules in order to expedite the litigation process. See e.g. P.B. § 114 (time guideline applicable to litigants) (addressed below) and P.B. § 211A (time guideline applicable to the court) (court must decide a short calendar matter within 120 days from its submission or after the oral hearing and the submission of all briefs).
"Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading. . . ." P.B. § 114. In the present action, the return date of the original action was November 4, 1991. Pursuant to the rules of the court, the defendants were required to file their first responsive pleading by December 4, 1991. P.B. § 114; see also P.B. § 112 (listing the pleadings and the order they must be filed); P.B. § 113 (unless otherwise ordered by the court, the filing of a pleading listed in Practice Book § 112 is a waiver of the right to file a pleading that preceded the filed pleading in the order of pleading in § 112). The defendants, however, never filed a responsive pleading. "Parties failing to plead according to the rules and orders of the court maybe nonsuited or defaulted. . . ." P.B. § 128. Accordingly, as of December 5, 1991, the burden or the responsibility to pursue the matter and expedite the litigation process fell upon the plaintiffs; A. Sangivanni Sons v. F.M.Floryan Co., supra, 158 Conn. 476; and the plaintiffs could have filed a motion to default the defendants for failing to plead. P.B. § 363 (a plaintiff may file a motion for default where the defendant is in default for failure to plead pursuant to Practice Book Section 114). CT Page 7830
The plaintiffs, however, failed to take any action to prosecute their suit until October 1, 1992, nearly one year later, when they called the clerk's office to check on the status of their case. The plaintiffs could have moved to default the defendants on December 5, 1991, yet took no action. The court is not concluding that the six month limitation in § 52-592 began to run on December 5, 1991, the date the plaintiffs could have filed a motion for default. Rather, without setting an exact date, the court is concluding that, in the absence of any agreement between the parties extending the time for the defendant to plead, a diligent plaintiff should have filed a motion to default a non-responsive defendant within six months from the return date.[4] Here, if the plaintiffs moved to default the apparently recalcitrant, nonresponsive defendants, the plaintiffs would have discovered that the court never received the original writ, summons and complaint.
Moreover, based on the facts of this case, the court does not necessarily agree with the plaintiffs that they received no notice of the original action's failure until they called the Clerk's Office in October 1992. The plaintiffs transmitted a check for the court's filing fee along with the original return of writ. The check, uncashed, obviously did not appear on the plaintiffs' bank statements. Again, the court concludes, without setting an exact date, that a reasonably diligent plaintiff should have discovered within six months that the check for the court's filing fee failed to appear on his or her bank statement and remained uncashed.
CONCLUSION
The court therefore concludes that the plaintiffs commenced an original action within the time permitted by law when the sheriff served the original writ, summons and complaint upon the defendants on October 10, 1991. The court, however, further concludes, limited to the facts of this case, that a reasonably diligent suitor should have determined within six months that the court never received his or her original action. The present action, commenced more than six months after the date it was determined that the original action failed, is barred by the applicable statute of limitation. Accordingly, it is concluded that the defendants' motion for summary judgment ought to be and is hereby granted. CT Page 7831