[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
I. Factual and Procedural History
The following facts are not in dispute. On March 21, 1993, Rene Mitchell (hereinafter the "plaintiff"), was injured in an motor vehicle accident. Reyburn Potter (hereinafter the "defendant") was the driver of the vehicle in which the plaintiff was injured.
The plaintiff brought a negligence action in the judicial district of New London, returnable December 13, 1994, against the defendant, among others, for personal injuries suffered as a result of the accident. That action was subsequently dismissed by the court, Hendel, J., for lack of personal jurisdiction as to the defendant. The plaintiff subsequently filed an action against the defendant returnable on October 3, 1995 (hereinafter the "October third" action).[1] The October third action was transferred back to New London where it was consolidated with the original action.[2]
On March 4, 1997, the defendant filed a motion for summary judgment on the ground that the October third action was brought more than two years after the incident complained of and is barred by General Statutes § 52-584. The plaintiff argues that the defendant's motion for summary judgment should be denied on the ground that the action is not time-barred pursuant to the "Accidental Failure of Suit" statute, General Statutes §52-592 (a).
II. Summary Judgment, Generally
"[S]ummary judgment shall be rendered forthwith if the CT Page 6395 pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "The party seeking summary judgment has the burden of showing the absence of any genuine issues as to all material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics,Corp., 229 Conn. 99, 105, 639 A.2d 99 (1994); Miller, supra,233 Conn. 744-45. "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner,229 Conn. 213, 217, 640 A.2d 89 (1994). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." New MilfordSavings Bank v. Roma, 38 Conn. App. 240, 244, 659 A.2d 1226
(1995).
III. Discussion
The defendant states, without citing to any legal authority, that the accidental failure of suit statute does not save this action (1) because the defendant voluntarily withdrew an earlier action and thus the action was not dismissed as a matter of form, but rather as a matter of choice, and (2) because the defendant was not given notice of the action against him until May 1995, more then two years after the injury occurred.
The plaintiff counters that the accidental failure of suit statute does save this action in that the action was brought within a year subsequent to the dismissal of the earlier action, the dismissal was granted by the court for lack of personal jurisdiction over the defendant on the grounds that a sheriff made improper service on the defendant, and the current action is for the same cause as the original action.
General Statutes § 52-584 provides in pertinent part that; "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall CT Page 6396 be brought but within two years from the date when the injury is first sustained . . . ." General Statutes § 52-592 (a) provides in pertinent part "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits [because of insufficient service] . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of judgment." (Brackets not in original.) Rogozinski v. American Food Service Equip. Corp.,34 Conn. App. 732, 736, 643 A.2d 300 (1994), citing General Statutes 52-592 (a). "Section 52-584 places a limit upon the time parties are subject to litigation, while [§] 52-592 (a) gives the plaintiff a year from the date of the [dismissal] to bring a new action." Marangio v. Shop Rite Supermarkets. Inc.,11 Conn. App. 156, 159, 525 A.2d 1389 (1987). "Although 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless." Pintavalle v. Valkanos, 216 Conn. 412,417, 581 A.2d 1050 (1990).
In Migliore v. Merritt Medical Center, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308957 (Cocco, J., January 26, 1995), the court was confronted by an identical set of facts as appear in this case. In that case, the plaintiff brought a timely action, but the action was later dismissed for lack of personal jurisdiction over the defendant on the grounds of improper service. In moving for summary judgment on the ground that the action was time-barred, the defendant argued that "although service of the original complaint was timely, it was improper, and therefore, no original action was ever commenced within the two year statute of limitations period." Migliore v. Merritt Medical Center, supra. Thus, argued the defendant, there was no original action to save. The court, Cocco, J., found the defendant's argument misplaced "as such an interpretation of § 52-592 (a) would completely do away with the statute in all cases involving timely but otherwise improper service of process." (Internal quotation marks omitted.) Migliorev. Merritt Medical Center, supra.
The defendant's argument in this case is similar to that made in the Migliore case, and this court finds the reasoning of theMigliore court persuasive. This court concludes that the plaintiff has satisfied the requirements of General Statutes § 52-592 (a) in order to avail herself of the one-year extension provided by the statute. The motor vehicle accident in CT Page 6397 question occurred on March 21, 1993. The plaintiff brought a negligence action against, among others, the defendant for injuries received as a result of the motor vehicle accident returnable to the court on December 13, 1994. That action was subsequently dismissed by the court as to the defendant for lack of personal jurisdiction on August 22, 1995, on the grounds of improper service of process. Subsequent to that dismissal, the plaintiff brought an identical action in negligence against the defendant returnable on October 3, 1995. The new action was made returnable to the court no less than ninety days subsequent to the court dismissal of the original action. Thus, this court concludes that the plaintiff's action is not time-barred pursuant to General Statutes § 52-292 (a).
IV. CONCLUSION
This court denies the defendant's motion for summary judgment on the ground that the plaintiff's action, returnable October third, is timely filed pursuant to General Statutes § 52-592
(a).
HANDY, J.