[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Stephen Tirozzi, filed a two-count complaint against the defendant, the Shelby Insurance Company, on January 7, 1997. On April 15, 1997, the defendant moved for summary judgment on the ground that res judicata barred the action. The plaintiff subsequently filed a revised complaint, dated May 14, 1997, alleging the following facts.
The plaintiff was injured in an automobile accident in September of 1991 while in his capacity as an employee of Brewmaster Services, Inc. Brewmaster Services, Inc. maintained uninsured/underinsured motorist coverage with the defendant. After the accident, the plaintiff settled with the driver of the other car involved and looked to the defendant for additional coverage, which was refused. In 1993, the plaintiff brought an action against the Shelby Insurance Company, the defendant. The defendant's motion to strike that complaint was granted and judgment entered in the defendant's favor on April 11, 1994. The plaintiff subsequently made a demand for arbitration under his own insurance policy but prior to the arbitration hearing, the Connecticut Supreme Court decided the case of Reliance Ins. Co.CT Page 7710v. American Casualty Ins. Co. of Reading, Pennsylvania,238 Conn. 285, 679 A.2d 925 (1996).
In the first count of the revised complaint in the current action, the plaintiff seeks recovery based on Reliance Ins. Co.v. American Casualty Ins. Co. of Reading, Pennsylvania, supra,238 Conn. 285. In the second count, the plaintiff alleges accidental failure of suit under General Statutes § 52-592.
The defendant filed its motion for summary judgment on April 15, 1997, accompanied by an affidavit of his attorney. The plaintiff filed an opposition to the motion on May 16, 1997.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "[S]ummary judgment is an appropriate vehicle for raising a claim of res judicata . . . ." (Citation omitted.)Joe's Pizza, Inc. v. Aetna Life Casualty Co., 236 Conn. 863,867 n. 8, 675 A.2d 441 (1996). Summary judgment shall be rendered if the pleadings, affidavits or other proof submitted snow "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384.
The defendant moves for summary judgment on the ground of res judicata. The defendant argues that count one is barred by res judicata because the judgment entered after the granting of the motion to strike is a final judgment. The defendant has attached a certified copy of the complaint in the prior action, which is identical to count one of the revised complaint. As the plaintiff has alleged in the revised complaint, the defendant's motion for judgment on its motion to strike the complaint in the prior action was granted on April 11, 1994.
With regard to count two, the defendant argues that §52-592, the accidental failure of suit statute, is not available where judgment was rendered on the merits. The defendant further argues that the current action was not brought within one year of the final judgment in the prior action, as required by the statute.
The plaintiff argues that the judgment entered in the prior action was not a judgment on the merits because it was a "clear misapplication of the law." (Memorandum of Law in Opposition to CT Page 7711 Motion for Summary Judgment, p. 4.) The plaintiff further argues that he should not be prejudiced because of an earlier error in the application of the law in light of the fact that he has had "his rights restored via Reliance." (Memorandum of Law in Opposition to Motion for Summary Judgment, p. 3.)
With regard to count two, the plaintiff argues that the accidental failure of suit statute is applicable because there was no judgment on the merits in the prior action. The plaintiff states that the present action was not filed within one year of judgment of the prior suit, but argues that his "cause of action occurred when the judgment rendered by the Trial Court was reversed vis a vis the decision in Reliance," and thus his claim, which was filed within a year of the Reliance decision, falls within the time frame of § 52-592.
Reliance Ins. Co. v. American Casualty Ins. Co. of Reading,Pennsylvania, supra, 238 Conn. 285, was decided two years after judgment was entered in the plaintiff's prior action. InReliance, the Connecticut Supreme Court held that Public Acts 1993, No. 93-297, § 1(f) allowing an injured worker to collect uninsured motorist benefits despite having received workers' compensation benefits, was clarifying legislation expressing the legislature's original intent. Id., 291.[1] As a result, the court held that employees were not barred from recovery for accidents which occurred prior to the effective date of the Act. Id.
In Delahunty v. Massachusetts Mutual Life Ins. Co.,236 Conn. 582, 674 A.2d 1290 (1996), the Connecticut Supreme Court "observed that res judicata, like the doctrine of collateral estoppel, promote[s] judicial economy by preventing relitigation of issues or claims previously resolved." (Internal quotation marks omitted.) Connecticut Natural Gas Corp. v. Miller,239 Conn. 313, 322, 684 A.2d 1173 (1996) "[A] decision whether to apply the doctrine of res judicata to claims that have not actually been litigated should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the [defendants] in the vindication of a just claim. . . . Put otherwise, the principle of res judicata is based on the public policy that a party should not be allowed to relitigate a matter which it already has had anopportunity to litigate." (Citations omitted; internal quotation marks omitted.) Id., 323-24. Here, the plaintiff had the CT Page 7712 opportunity to replead but did not. Practice Book § 157. Furthermore, the plaintiff had the opportunity to appeal the decision granting the motion to strike but did not. Practice Book § 4002A. Thus, res judicata applies.
The plaintiff argues that res judicata does not apply because the decision in the prior action was incorrect and thus not a final judgment. The granting of judgment on a motion to strike a complaint in its entirety has been held to be a final judgment. "Since the decision on the . . . [motion to strike] determined that no right of action existed, the judgment [following a failure to plead over] was as final and complete as a judgment following trial on the merits." Hughes v. Bemer, 206 Conn. 491,494, 538 A.2d 703 (1988).
"The fact that a prior judicial determination may be flawed, however, is ordinarily insufficient, in and of itself, to overcome a claim that otherwise applicable principles of res judicata preclude it from being collaterally attacked." CMF ofConnecticut. Inc. v. Chowdhury, 239 Conn. 375, 395, 685 A.2d 1108
(1996). "If the judgment [in the prior action was] erroneous, the unsuccessful party's remedy is to have it set aside or reversed in the original proceedings." Id.
The United States Supreme Court has held that "an erroneous conclusion reached by the court in the first suit does not deprive the defendants in the second action of their right to rely upon the plea of res judicata." (Citations omitted; internal quotation marks omitted.) Federated Department Stores, Inc. v.Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). To hold to the contrary "would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert." Id., 398-99. Thus, the fact that the prior decision might be incorrect does not preclude the application of res judicata.
With regard to count two, General Statutes § 52-592 is not applicable here. Section 52-592 "is designed to prevent a miscarriage of justice if the plaintiffs fail to get a proper day in court due to the various enumerated procedural problems. It is not a device for avoiding our well-settled rules of res judicata." Legassey v. Shulansky, 28 Conn. App. 653, 659,611 A.2d 930 (1992). Section 52-592 applies to an action which "has failed one or more times to be tried on its merits because of CT Page 7713 insufficient service or return of the writ . . . or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form. . . ." General Statutes § 52-592 (a). Here, the prior action was terminated because a motion to strike the complaint was granted and the plaintiff failed to replead, which does not fall under any of the categories enumerated by the statute.
Even if the prior action had been dismissed for reasons enumerated in the statute, the second count would fail because the plaintiff did not file the current action within a year of judgment. "Section 52-592 (a) . . . may be used only in the situation where a plaintiff files a subsequent action within one year of the dismissal . . . of the first action." Rogozinski v.American Food Service Equipment Corp. , 34 Conn. App. 732, 737-38,643 A.2d 300 (1994). The plaintiff has cited no authority to support his argument that the one year limit should run from the date Reliance was decided and this argument is not persuasive.
The defendant is entitled to judgment as a matter of law because res judicata bars the first claim and the accidental failure of suit alleged in the second claim is inapplicable here. That the plaintiff has not raised any genuine issues of material fact. The plaintiff has not disputed that the prior action was identical to the first count; that judgment was entered on the motion to strike in the prior action; or that the second action was filed more than one year after judgment was entered in the prior action. Rather, the plaintiff argues that Reliance proves that the prior decision was wrong and that he should therefore be able to maintain this suit. The plaintiff, however, had other remedies at law with regard to the prior suit. The plaintiff could have appealed the final judgment entered in the prior action, but failed to do so. To allow the plaintiff to maintain this action instituted several years later would undermine the finality of judgments and undercut the principles embodied in the doctrine of res judicata. Therefore the defendant's motion for summary judgment is granted.
Howard F. Zoarski Judge Trial Referee