[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 19, 1996, the defendant, John Corcoran, allegedly mishandled a gun in some fashion and injured the plaintiff Elpiniki Podaras. She claimed in a complaint filed January 2, 1997, that Corcoran negligently shot her in the thigh with a CT Page 13113 hollow point bullet; negligence was specified as failure to obtain proper instruction, failure properly to use the gun, failure to warn the plaintiff, and improper storage of the gun.[1] On July 20, 1998, the plaintiff filed an amended complaint which included a second count against Corcoran. The second count reiterated all of the allegations of the first count, except it claimed that Corcoran was "reckless in creating a malicious injury". The allegations of the ways in which he was reckless are the same as the allegations of the ways in which he was negligent.
The defendant has moved to strike the second count of the complaint for several reasons. He claims that counts based on negligence on the one hand and recklessness or wanton misconduct on the other hand are separate causes of action and should be premised upon different factual allegations; he also claims that the action based on recklessness is barred by the two year statute of limitations in § 52-584 of the General Statutes.
Much has been written about the matters raised by the defendant, and not all of it is consistent. In Beauvillier v.Finn, 25 Conn. Sup. 361 (1964), for example, Judge (later Justice) Shapiro stated the then apt principle that negligence and recklessness were two entirely distinct causes of action; thus, the raising of a recklessness count after the passage of the applicable statute of limitations, § 52-584 of the General Statutes, was barred by the statute of limitations. Similarly, inDumond v. Denehy, 145 Conn. 88 (1958), our Supreme Court held that negligence and recklessness or wanton misconduct were distinct causes of action, and one could not convert a cause of action based on negligence into a cause of action for recklessness simply by substituting the word "reckless" for the word "negligence". As recently as 1984, our Supreme Court reiterated that causes of action based on negligence and on "wilful or malicious conduct" were separate and distinct and the different allegations should employ different language. Warnerv. Leslie-Elliot Constructors, Inc., 194 Conn. 129, 138 (1984).
In several more recent cases, the court seems to have adopted an approach to the issue of whether amendments relate back to the initial filing, and, indirectly, whether they state a "new cause of action", which is based more on a functional analysis than on labeling. In Dubay v. Irish, 207 Conn. 518, 531-32 (1988), the court, though not specifically addressing the issue of whether a later count based on "wilful, wanton and/or reckless conduct" CT Page 13114 would relate back to an earlier negligence count, questioned in a footnote[2] whether merely changing the allegation as to mental state would indeed state a new and distinct cause of action such that relation back to a prior pleading would be barred. The court decided that it need not decide the question in the context of the case at hand, because it decided that there was no allegation or evidence to support the allegation of wilful, reckless or wanton conduct in any event. Id., at 531-32.
In Gurliacci v. Mayer, 218 Conn. 531 (1991), our Supreme Court considered an issue almost identical to the one at hand. The first complaint alleged negligence; a second count, added after the limitations period had passed, repeated the first count but added allegations that the defendant was acting "either wilfully, wantonly and maliciously", or outside the scope of his employment such that a defense to the action would be unavailing. The Supreme Court held that for the purpose of relating back to the original complaint, the additional language did not create new and different cause of action, as the same group of operative facts was alleged; rather, the previous allegations were "amplified and expanded upon." Id., at 548-49. As Gurliacci
would certainly appear to be compelling and binding authority, I find that the second count in the instant case does relate back to the filing of the initial complaint and thus is not barred by § 52-584 of the General Statutes.[3]
A related issue is whether the same underlying factual claims may support the coexistence of two counts, one in negligence and one in recklessness. As noted above, there is older authority for the proposition that additional facts need to be pleaded to support a claim of recklessness. Rather than follow a mechanistic approach, however, it seems more appropriate under authority such as Gurliacci, supra; Dubay, supra; and Elliott v.Waterbury, 245 Conn. 385, 414-18 (1998); to examine instead whether the facts that are alleged could, under any set of facts admissible under the pleadings[4], support a conclusion of recklessness. I find that there could be facts under the pleadings that could support a conclusion. The motion to strike is, therefore, denied.
Beach, J.