[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
SNET filed a two-count complaint on February 3, 1998, alleging in count one that it sold and published telephone directory advertising, ordered by the commercial defendants, Laurie J. Pagano and Richard J. Godek, DBA, but that the defendants have failed to pay for the advertising. Count two alleges that Godek and Pagano benefitted [benefited] from the ads, while not paying for them. On February 17, 1998, both Godek and Pagano filed pro se appearances.
On April 22, 1998, Pagano and Godek filed an answer and counterclaim. The counterclaim alleges, among other things, that SNET's vexatious suit is baseless and that SNET has engaged in unfair advertising and marketing practices. In addition, Godek filed an answer and counterclaim on May 6, 1998, alleging that SNET has brought a vexatious suit.
In two separate motions, dated May 7, 1998, SNET moved to strike both Godek and Pagano's counterclaims, on the ground that Godek and Pagano have failed to properly allege vexatious litigation. SNET further moves to strike Pagano's counterclaim on the ground that she has "misjoined" a claim in her counterclaim that does not arise out of the same transaction that is the subject of SNET'S complaint. Godek and Pagano have failed to file any memoranda in opposition to SNET's motions to strike, although they both orally argued in opposition to the motions to strike at the August 31, 1998 short calendar. CT Page 15657
"A motion to strike challenges the legal sufficiency of a pleading. . . ." (Citations omitted.) Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the sufficiency of a counterclaim. Practice Book § 152, now Practice Book § 10-39 (1998 Rev.). Despite Godek and Pagano's failure to file memoranda in opposition, there is authority for the court to entertain their respective oppositions. See Bushka v.Bushka, Superior Court, judicial district of Waterbury, Docket No. 126366 (July 22, 1996, Peck, J.) ("while Practice Book § 155 [now § 10-42] mandates the filing of a memorandum in opposition to a motion to strike, the failure to do so is no longer fatal and can be waived by the court. . . ."). In its discretion, the court may "overlook this procedural defect and inquire as to the merits of the plaintiff's motion [to strike]." Fire Systems v. Semac Electrical Contractor, Superior Court, judicial district of New Haven at New Haven, Docket No. 382930 (October 10, 1996, Zoarski, J.).
Godek alleges in his counterclaim that "[t]his is a totally vexatious suit and has no basis in fact or reason to this Defendant." SNET moves to strike Godek's counterclaim, "on the ground that the defendant has failed to plead a sufficient claim for vexatious litigation." SNET argues that in order to have a cause of action for vexatious litigation, one must allege that probable cause is lacking, that malice exists, and that a prior lawsuit terminated in the plaintiff's favor.
"A vexatious suit is a type of malicious prosecution action," but it is "based upon a prior civil action. . . ."Vandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982
(1978). To state a cause of action, it is necessary to allege and prove "want of probable cause, malice, and a termination of suit in [Godek's] favor." Id.
In his counterclaim, Godek does not allege any prior lawsuit involving SNET that concluded in his favor. Godek has failed to plead the allegations necessary to state a claim for vexatious litigation for which relief could be granted. Therefore, SNET's motion to strike Godek's counterclaim is granted.
SNET moves to strike Pagano's counterclaim on the grounds that Pagano has failed to plead sufficiently a vexatious litigation claim, and that she has misjoined a claim that has not arisen out of the same transaction giving rise to SNET's CT Page 15658 complaint.
"A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated. . . ." (Citations omitted; internal quotation marks omitted.) Zavo v. Montanaro, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313902 (January 25, 1995, Cocco, J.); see also Zamstein v. Marvasti,240 Conn. 549, 553, 692 A.2d 781 (1997) (the Supreme Court observes that the "[trial] court struck paragraph twenty-eight of the plaintiff's complaint because the court construed it as a claim for loss of filial consortium. . . .").
The court finds that the first paragraph of Pagano's counterclaim attempts to allege a vexatious litigation claim and that the third paragraph attempts to allege a "claim" for "unfair advertising" and "unfair marketing." Accordingly, the court may address the motion to strike as it attacks individual paragraphs which attempt to state distinct causes of action.
Pagano alleges that, "THIS VEXATIOUS SUIT HAS NO BASIS IN LIGHT OF THE SNET AGREEMENT WITH M.C.S. [Middlesex Counseling Services]. . . ." (Counterclaim, par. 1). SNET moves on the ground that Pagano "fail[s] to plead a sufficient claim for vexatious litigation" in that she does not allege a prior lawsuit involving SNET and herself, terminating in her favor. See Vandersluisv. Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978). Accordingly, insofar as her counterclaim sounds in vexatious litigation, it is stricken.
Pagano further alleges in her counterclaim that "MOREOVER, SNET YELLOW PAGES IS GUILTY OF UNFAIR ADVERTISING PRACTICES WHERE THEY LIST AN 800 NUMBER IN THE YELLOW PAGES AND ONLY CONNECT CALLERS TO THEIR BIGGEST ADVERTISER UNDER A PROFESSIONAL HEADING MARRIAGE AND FAMILY COUNSELORS, SOCIAL WORKERS, PSYCHOLOGIST, AND COUNSELORS. SNET THUS ELIMINATES MOST OF THE OTHER ADVERTISERS IN EACH HEADING, TAKING MONEY FOR FAVORING ONLY THE LARGEST ADVERTISER. THIS IS UNFAIR MARKETING AND THE MAJORITY OF ADVERTISERS ARE NOT AWARE THIS TAKES PLACE."
As stated above, SNET moves to strike on the ground that "the defendant has misjoined a claim that did not arise out of the same transaction that is the subject of the plaintiff's complaint." A motion to strike is proper to contest "the joining of two or more causes of action which cannot properly be united CT Page 15659 in one complaint [or counterclaim] . . ." Practice Book § 152, now Practice Book § 10-39 (1998 Rev.). Both General Statutes § 52-97 and Practice Book § 133, now Practice Book § 10-21 (1998 Rev.), provide that where "several causes of action are joined in the same complaint, or as a matter of counterclaim . . . the judicial authority may direct that any one or more of them be deleted from the complaint. . . ."
A "`cause of action'. . . is the single group of facts out of which arises one or more rights to relief." Fairfield Lumber Supply Co. v. Herman, 139 Conn. 141, 147,90 A.2d 884 (1952). See also Rogozinski v. American Food ServiceEquipment Co., 34 Conn. App. 732, 738, 643 A.2d 300, cert. denied, 231 Conn. 91O, 648 A.2d 156 (1994) ("`a cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . ."). SNET argues that Pagano has "misjoined" multiple causes of action, which arise out of different transactions, in a pleading proscribed by Connecticut rules of practice and procedure. Wherever a claim is "misjoined," that is, it does not arise out of the same transaction as the original claim, it is subject to a motion to strike. "`We have uniformly approved the use of a single count to set forth the basis of . . . claims for relief where they grow out of a single occurrence or transaction. . . .'" Burns v. Koellmer,11 Conn. App. 375, 387, 527 A.2d 1210 (1987), quoting Veitsv. Hartford, 134 Conn. 428, 438-39, 58 A.2d 389 (1948).
This court cannot say that Pagano's bare assertions concerning "unfair advertising"/"unfair marketing", without more, arise out of the same transaction as SNET's breach of contract claim, the basis of SNET's complaint. Accordingly, SNET's motion to strike with respect to the third paragraph of Pagano's counterclaim is granted.
Howard F. Zoarski Judge Trial Referee