JUDY MARANGIO *v.* SHOP RITE SUPERMARKETS, INC.
(5276)

DUPONT, C. J., HULL and SPALLONE, Js.

---

Submitted on the briefs April 27—decision released June 2, 1987

*Richard F. Connors* filed a brief for the appellant (plaintiff).

*Ralph G. Eddy* filed a brief for the appellee (defendant).

SPALLONE, J. The plaintiff appeals following the trial court's granting of the defendant's motion for summary judgment.

This is an action for personal injuries which the plaintiff claims to have sustained as a result of her falling to the floor in the defendant's supermarket. The accident is alleged to have occurred on August 28, 1980. The suit was instituted on August 20, 1985. The complaint ruled on by the trial court is the third complaint filed on behalf of the plaintiff for the same cause of action.

The history of the pleadings filed in connection with the plaintiff's claim and the actions taken on the pleadings is as follows. (1) August 12, 1982: the plaintiff com-

menced her first lawsuit by causing service of process to be made upon the defendant, Shop Rite Supermarkets, Inc.; (2) December 6, 1982: a judgment of nonsuit is entered in this first lawsuit for the plaintiff's failure to comply with the defendant's request for disclosure; (3) November 28, 1983: the plaintiff instituted her second lawsuit regarding this matter by service of process on the defendant, Shop Rite Supermarkets, Inc. The complaint in this case specifically alleged that it had been instituted under General Statutes § 52-592; (4) August 27, 1984: a judgment of nonsuit was entered in the second lawsuit because of the plaintiff's failure to comply with the defendant's request for supplemental disclosure; (5) August 20, 1985: the plaintiff instituted her third lawsuit for the same cause of action. Paragraph 9 of her complaint alleged that the third lawsuit was commenced pursuant to General Statutes § 52-592; (6) October 22, 1985: the defendant filed an answer and special defenses to the third complaint. By way of a second special defense, the defendant pleaded that the plaintiff's claim is barred by the applicable statute of limitations, General Statutes § 52-584.

The defendant's motion for summary judgment was granted on the ground that the plaintiff's action, since it was commenced more than three years after the date of the alleged act or omission complained of, was barred by the statute of limitations and not saved by the application of General Statutes § 52-592, the accidental failure of suit statute.

General Statutes § 52-592 (a) provides in pertinent part: "If any action, commenced within the time limited by law . . . if, in any such action . . . a judgment of nonsuit has been rendered . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . ."

The plaintiff's third action obviously would be outside the statute of limitations because it was brought nearly five years after the negligent "act or omission complained of"; General Statutes § 52-584; unless it is saved by the operation of § 52-592 (a).

Whether the present action is barred by the statute of limitations depends upon the construction of the words "determination of the original action" in § 52-592 (a). The plaintiff argues that the "original action" refers to the next preceding action, and that, therefore, her final lawsuit was brought within one year of this prior action. The defendant contends that the "original action" refers to the first action brought within the applicable statute of limitations period. The trial court agreed with the defendant and we agree with the trial court.

Our analysis requires a review of General Statutes § 52-584 and § 52-592 (a), and how they impact on one another. Section 52-584 places a limit upon the time parties are subject to litigation, while § 52-592 (a) serves to save suits that would otherwise be barred by the statute of limitations. In essence, § 52-592 (a) gives the plaintiff a year from the date of the nonsuit to bring a new action.

The phrase "original action" is not defined in § 52-592 (a). Consequently, we must resort to the rules of statutory construction to determine its meaning. It is a cardinal rule that, where the language of a statute is clear and unambiguous, the intent of the legislature is to be ascertained from the words used. *State* v. *Pellegrino,* 194 Conn. 279, 284, 480 A.2d 537 (1984); *McDonald* v. *Haynes Medical Laboratory, Inc.,* 192 Conn 327, 334, 471 A.2d 646 (1984). Words and phrases of a statute are to be construed "according to the commonly approved usage of the language." *Schieffelin & Co.* v. *Department of Liquor Control,* 194 Conn. 165,

174, 479 A.2d 1191 (1984); *Caldor, Inc.* v. *Heffernan,* 183 Conn. 566, 570, 440 A.2d 767 (1981). Every sentence, clause and phrase in the statute has a purpose and no part of a statute is superfluous. *Hayes* v. *Smith,* 194 Conn. 52, 58, 480 A.2d 425 (1984); *State* v. *Grant,* 176 Conn. 17, 20, 404 A.2d 873 (1978). A statute must be read as a whole and " ' "construed to give effect and to harmonize all of its parts." ' " *Hayes* v. *Smith,* supra.

Applying these principles to the language used in § 52-592 (a), we note that the plaintiff is authorized by the statute to "commence a *new* action . . . within one year after the determination of the original action . . . ." (Emphasis added.) The statute does not say "may continue the action by bringing suit within one year," or use any words other than those which contemplate an end to the *original action* and the commencement of a *new* action within one year of the end of the *original action.* The interplay of the words "new action" and "original action" can lead to no other conclusion than that the plaintiff is limited in time to bringing a new action within one year from the end of the original action, not the last action. Nowhere in the statute is there language that contemplates a continuing action so that a new action may commence within one year from the last nonsuit. Such construction would be contrary to the public policy inherent in statute of limitations. The applicable statute of limitations would be extended indefinitely and would be of no effect. There would be no finality in the litigation process.

We hold that "original action" refers to the first action brought by the plaintiff and that the granting of summary judgment for the defendant by the trial court manifests a clear understanding of the meaning of § 52-592 (a) and gives efficacy to the public policy considerations inherent in the interplay between stat-

utes of limitations and those statutes authorizing suits, under limited circumstances, where the suit would be otherwise barred by the statute of limitations.

There is no error.

In this opinion the other judges concurred.