[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 16, 1992, the plaintiff, Lillian Nelson, filed a substituted complaint against the defendant, Stop Shop Cos., Inc. alleging that the defendant's agents negligently struck and CT Page 4242 injured the plaintiff while she was shopping in the defendant's store on July 1, 1988. Substituted Complaint, paras. 6-8. The substituted complaint further alleges that a prior action was commenced by writ, summons and complaint returnable on July 17, 1990, but that the prior action was subsequently dismissed by Judge McKeever on October 25, 1990, for insufficiency of service of process. Substituted Complaint, paras. 1-2. The plaintiff cites General Statutes 52-592, the accidental failure of suit statute, as the basis for her substituted complaint. Substituted Complaint, para. 4. (Note: The substituted complaint replaces the plaintiff's original complaint dated November 4, 1990, which is the first pleading in this second action.)
On January 22, 1991, the defendant filed its answer and five special defenses. See Defendant's Answer and Special Defenses #116. The first four special defenses claim that the plaintiff's action fails to satisfy the requirements of General Statutes52-592 and therefore cannot be brought under the accidental failure of suit provision. The fifth special defense claims that the statute of limitations governing negligence actions, General Statutes 52-584, bars the plaintiff's complaint.
On February 4, 1992, the plaintiff filed a motion to strike the defendant's five special defenses, contending that they are inadequate as a matter of law and that the first, second, third and fourth special defenses are redundant and superfluous. The defendant filed its memorandum in opposition on February 18, 1992, claiming that the special defenses raise factual issues which cannot be determined on a motion to strike, and further, that a request to revise is the proper method of challenging a redundant or superfluous pleading, not a motion to strike.
A motion to strike filed pursuant to Practice Book 152 challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). If, however, the facts provable under the pleading would support any cause of action or defense, then the motion to strike must be denied. Id., 109. In determining the legal sufficiency of a pleading, the court may not look beyond the pleading for facts not alleged therein. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86,449 A.2d 986 (1982).
The defendant pleads respectively in his first and fifth special defenses that the plaintiff's substituted complaint was not filed within the time limit mandated by General Statutes 52-59a(a) and the statute of limitations provided for in General Statutes 52-584 has expired. The plaintiff contends, however, that the defendant's first and fifth special defenses are legally insufficient since the undisputed facts demonstrate that the substituted complaint was timely filed pursuant to General CT Page 4243 Statutes 52-592(a) and 52-584.
General Statutes 52-592(a) provides:
 (a) If any action, commenced within the time limited by law, has failed . . . because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, . . . the plaintiff, . . . may commence a new action, . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
General Statutes 52-592 (a). General Statutes 52-584 provides:
 No action to recover damages for injury to the person, . . . caused by negligence, . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, . . . .
General Statutes 52-584.
The parties agree in their memoranda pertaining to this motion that the plaintiff was allegedly injured on July 1, 1988, and that the original complaint made returnable on July 17, 1990, was dismissed by the court on September 17, 1990 for insufficiency of service of process. See also Plaintiff's Substituted Complaint, paras. 1, 2. The defendant argues, however, that since the first action was dismissed for insufficiency of service of process, the plaintiff never "commenced" the first action within the meaning of General Statutes 52-592 (a), and the complaint filed on November 4, 1990, is therefore untimely. Defendant's First and Fifth Special Defenses.
The plain meaning of General Statutes 52-592 (a) contemplates that a plaintiff whose original action fails for insufficient service "due to unavoidable accident or neglect of the officer" may bring a second action "within one year after the determination of the original action." General Statutes 52-592 (a). If this court were to adopt the defendant's definition of "commenced," the practical effect would be to bar plaintiffs from pursuing a second action under the accidental failure statute whenever insufficient service occurs. "`In construing a statute, common sense must be CT Page 4244 used and courts must assume that a reasonable and rational result was intended."' Nickel Mine Brook Associates v. Joseph E. Sakal, P.C., 217 Conn. 361, 370-71, 585 A.2d 1210 (1991), quoting Kron v. Thelen, 178 Conn. 189, 192, 423 A.2d 857 (1797). Thus, "`general words and phrases may be restricted in meaning to adapt their meaning to the subject-matter in reference to which they are used (cites omitted).'" Id., 370, quoting Greenwich Trust Co. v. Tyson, 127 Conn. 211, 222, 27 A.2d 166 (1942).
Although the term "commenced" generally means the date at which valid service upon the defendant is perfected, see General Statutes 52-45a; Balboa Ins. Co. v. Zaleski, 12 Conn. App. 529,533, 532 A.2d 983 (1987), as applied to the accidental failure of suit statute, "commenced" means the date when service, even if later, deemed insufficient, is attempted.
In the present case, it is undisputed that the plaintiff initiated the original action by attempted, albeit insufficient, service upon the defendant on June 27, 1990. (See ruling in Nelson v. Stop Shop Co., 25 Conn. App. 637, 640, 596 A.2d 4
(1991), upholding trial court's decision on the defendant's motion to dismiss for insufficiency of service of process.) Since the plaintiff's original action was commenced within the two year statute of limitations mandated by General Statutes 52-584, the defendant's first and fifth, special defenses are legally insufficient and are stricken.
In its second and third special defenses, the defendant pleads, respectively, that "the insufficient service was not due to unavoidable accident as required by the Accidental Failure of Suit Statute," and "the insufficient service was not due to the default or neglect of the officer to whom it was committed . . . [and] may not be maintained under the Accidental Failure of Suit Statute." The plaintiff seeks to strike these defenses, contending that General Statutes +/- 52-592 does not require the plaintiff to allege either "unavoidable accident" or "default or negligence of the officer." In particular, the plaintiff argues that the plain language of 52-592 allows the plaintiff to bring a second action whenever the first action is dismissed for insufficient service, not merely when such insufficiency is attributed to unavoidable accident or default or neglect of the officer. The plaintiff further contends that two prior rulings dispose of this issue and constitute the law of the case.
The two prior rulings referred to by the plaintiff do not address the issue presented in this motion. The first ruling, by the Appellate Court, merely affirmed the trial court's dismissal of the plaintiff's original action for insufficient services. See Nelson v. Stop Shop Cos., Inc. 25 Conn. App. 637, 596 A.2d 4
(1991). In the second ruling, on January 13, 1991, Judge Fracasse CT Page 4245 merely denied the defendant's Request to Revise paragraph 4 of the plaintiff's complaint. See Request to Revise #113 and Objection to Request #114. Neither of those rulings addressed whether the defendant may, by way of special defense, challenge the merits of the plaintiff's action pursuant to General Statutes 52-592.
When an action is brought pursuant to the accidental failure of suit statute on the basis of insufficient service, such insufficiency must be attributable to unavoidable accident or the default or neglect of the serving officer. "The Court must interpret the [s]tatute as written . . . and it is to be considered as a whole, with a views towards reconciling its separate parts in order to render a reasonable overall interpretation . . . ." Hayes v. Traveler's Indemnity Co., 26 Conn. App. 418, ___ A.2d ___ (1992). Thus, "[a] statute must be read as a whole and construed to give effect and to harmonize all its parts. Marangio v. Shop Rite Super Markets, Inc., 11 Conn. App. 156, 525 A.2d 1389 (1987). General Statutes 52-592 (a) provides a right of action when "any action . . . has failed . . . because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed (emphasis added)." Since the defendant's second and third special defenses challenge the underlying cause of the insufficient service in the original action, they sufficiently plead a legal basis for barring the plaintiff's claim under General Statutes 52-592 (a) and should not be stricken.
In its fourth special defense, the defendant pleads that the plaintiff's original action had not failed at the time the present suit was commenced, and thus, the "plaintiff has failed to satisfy the preconditions for bringing a claim under the accidental failure of suit statute." Defendant's Fourth Special Defense.
The issue raised by the defendant's fourth defense was submitted to this court in a motion to dismiss dated October 11, 1991. See Motion to Dismiss #105. In that motion, the defendant contended that the plaintiff's complaint was commenced before a final determination of the first action had been reached, and therefore, the court lacked subject matter jurisdiction. Id. The court held that the plaintiff had standing to pursue the present action under the accidental failure of suit statute, General Statutes 52-592. See Memorandum of Decision #106, pp. 5-6.
In the absence of any evidence that a prior ruling is clearly erroneous, the judge should treat that ruling as law of the case. Breen v. Phelps, 186 Conn. 86, 99-100, 439 A.2d 1066 (1982). In the present case Judge Reilly's decision correctly recognized the equitable foundation of the accidental failure of suit statute and determined that since "the first action is final and plaintiff now has standing to proceed under the statute, there would' be no CT Page 4246 prejudice to [the] defendant and justice would be served by allowing the present action to continue." Memorandum of Decision #106, p. 6. Since the prior judicial ruling affirmed the plaintiff's standing to pursue her claim under General Statutes52-592, the defendant's fourth special defense is legally insufficient and is stricken.
As a final matter, the plaintiff claims that the defendant's first, second, third and fourth special defenses are redundant and superfluous and should be stricken.
A motion to strike tests the legal sufficiency of a pleading. Practice Book 152. The proper method of raising issues concerning redundancy or superfluous pleadings is to file a request to revise pursuant to Practice Book 147(s). The plaintiff's motion is denied as to this ground.
The defendant's first, fourth and fifth special defenses are legally insufficient and are stricken. The defendant's second and third special defenses are legally sufficient and the plaintiff's motion are denied as to these defenses. Finally, the plaintiff's claim of redundancy is inappropriate and should have been addressed through a request to revise pursuant to Practice Book 147(2).
Thomas V. O'Keefe, Jr., Judge