[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#104)
The plaintiff, John Brown, file a complaint sounding in negligence an May 18, 1987, alleging in two counts that the defendants, David L. Richardson and Sandra Richardson, as landlords and owners of a property and premises known as 55 Sylvan Avenue, New Haven, were in violation of various fire and safety codes and that the defendants' negligence was the proximate cause of injuries and damages sustained by the plaintiff as a result of a fire which broke out at the premises on or about May 3, 1985. On April 27, 1987, in connection with this action, the plaintiff obtained a prejudgment remedy to attach the premises at 55 Sylvan Avenue in New Haven, and three other investments properties owned by the defendants, in the amount of $25,000.00. In conjunction therewith plaintiff's attorney issued a summons ordering a proper officer to effect service of the mesne process by in-hand manual or abode service.
On November 17, 1989, the plaintiff filed and the court granted a motion to exempt the action from the dormancy list. In the plaintiff's motion to exempt, the plaintiff represented that an application for an order of notice of publication would be filed CT Page 11054 forthwith. However, no such application for order of notice of publication appears in the file.
On May 29, 1990, the defendants, who filed an appearance on April 27, 1990, filed a motion to dismiss the plaintiff's action on the grounds that there is a lack of personal jurisdiction and insufficiency of service of process pursuant to Practice Book 142(2) and (5). As set forth in the defendants' supporting affidavits, both the defendants were present and residing in New Haven and susceptible for manual or abode service at all times mentioned herein. However, to date neither of the defendants have received in hand or abode service of the mesne process. Furthermore, the sheriff's return indicates that the sheriff was unable to locate the defendants and thus returned the summons unserved and unsatisfied. As required by Practice Book 142 and 143, the defendants' motion to dismiss was timely and filed with a supporting memorandum of law and affidavits, and the plaintiff has timely filed a memorandum in opposition.
The plaintiff, in his memorandum in opposition to defendants' motion to dismiss, concedes that service of mense process on a defendant is required and that manual or abode service was not made. However, the plaintiff argues that defendants' motion to dismiss should be denied because plaintiff's attorney relied in good faith on information provided to him by the plaintiff and took reasonable steps to determine defendants' abode, and property of the defendants was attached pursuant to an ex parte order of attachment. It is plaintiff's position that through the ex parte of attachment. It is plaintiff's position that through the ex parte order of attachment, defendants had constructive notice of plaintiff's action.
The defendants argue in their memorandum in support of their motion to dismiss that "[i]n Connecticut, it is clearly established that `constructive service' is to be utilized only in those rare instances when manual (i.e. in-hand) or abode service is unavailable and there are special circumstances justifying alternative service." Thus, it is the defendants' position that since both defendants were residing in New Haven and accessible for service of mesne process, proper service was not made upon the defendants and constructive service is unjustified. Therefore, since the plaintiff was unable to effectuate manual or abode service and since the defendants were both susceptible to such service, the plaintiff's complaint should be dismissed pursuant to Practice Book 143(2) and (5) for lack of personal service and CT Page 11055 insufficiency of service of process.
General Statutes 52-54 provides that "[t]he service of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode." "There is no substitute for `in-hand' or abode service in accordance with General Statutes 52-54, where jurisdiction over the person of a resident individual is sought, except with respect to suits for damages caused by motor vehicles." White-Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14, 17,437 A.2d 833 (1980). Although the sheriff's return is generally prima facie evidence of the facts stated therein, it may be contradicted. Cugno v. Kaelin, 138 Conn. 341, 343, 84 A.2d 576
(1951). In the case at bar the sheriff's return indicates that he was unable to locate the defendants and thus proper service of process went unserved and unsatisfied. Additionally, other than mere allegations that the defendants had constructive notice of plaintiff's action, due to the prejudgment attachment of the defendants' investment realty, the plaintiff offered no evidence that the defendants had constructive notice of the plaintiff's action. Although the plaintiff indicated that he intended to make an application for an order of notice by publication, no such application or order appears in the file.
Furthermore, the defendants' supporting affidavits indicate that they never received manual or abode service. A court may evaluate the content of the supporting affidavits to assist in determining the jurisdictional issue. Hill v. W. R. Grace Co.,42 Conn. Sup. 25, 27, 598 A.2d 1107 (1991). For example, in Hill, the court declared that "where a motion to dismiss `is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. . . .'" Id., quoting Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). The defendants in their supporting affidavits indicate that they have resided in New Haven and were accessible to manual or abode service at all times in question and that they never received such service. Additionally, the plaintiff does not dispute the fact that he was unable to effectuate manual or abode service of process. Therefore, the court may look to the defendants' affidavits and rely on their assertions to determine that the plaintiff failed to effectuate proper service of process pursuant to General Statutes52-54. Having done so, the court determines that the plaintiff has failed to effectuate manual or abode service of process. The CT Page 11056 defendants' motion to dismiss is granted accordingly on this basis.
The plaintiff also argues in his memorandum in opposition to defendants' motion to dismiss that even though proper service of process was ineffectual, in the interests of judicial economy, the court should find that the defendants were properly served and that the court has valid jurisdiction because the case was commenced and can be validly brought again pursuant to General Statutes 52-592. Although the plaintiff will be able to commence a new action against the defendants pursuant to 52-592(a), the plaintiff's argument must fail. The proper course of procedure is to grant the defendants' motion to dismiss and then for the plaintiff to bring his action again within one year of dismissal pursuant to 52-592(a). Pintavalle v. Valkanos,216 Conn. 412, 418, 581, A.2d 1050 (1990); see also Marangio v. Shop Rite Supermarkets, Inc., 11 Conn. App. 156,525 A.2d 1389, cert. denied, 204 Conn. 8-0, 528 A.2d 115 (1987). Section52-592 "does not say `may continue the action by bringing suit within one year,' or use any words other that those which contemplate an end to the original action and the commencement of a new action within one year of the end of the original action. (Emphasis original." Id. 16, quoting Marangio v. Shop Rite Supermarkets, Inc., 11 Conn. App. 156, 525 A.2d 1389, cert. denied, 204 Conn. 809, 528 A.2d 115 (1987).
Thus, in summary, the defendants' motion to dismiss is granted because the plaintiff failed to effectuate manual or abode service of process, and then following the dismissal the plaintiff may commence a new action against the defendants, so long as the plaintiff does so within the one year time period provided by General Statutes 52-592.