[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a writ and complaint filed with the court on September 3, 1993, plaintiff, Walter Skaggs, seeks to recover damages for personal injuries and medical expenses as a result of a two vehicle accident that occurred on August 14, 1990. The defendants in this action are Karl M. Richter, the operator of the dump truck that hit the plaintiff, and Clifford Cline, d/b/a Cline Trucking, owner of the dump truck. The suit is specifically brought pursuant to General Statutes § 52-592, Connecticut's accidental failure of suit statute.
The following facts are undisputed. On August 10, 1992, counsel for the plaintiff provided a writ, summons, and complaint to Deputy Sheriff Betsy Gibson for service on the named defendants. On August 17, 1992, the complaint was CT Page 8262 served on the defendant Cline. Three days later, the same complaint was served on the Commissioner of Motor Vehicles as agent for the defendant Richter.
On August 13, 1992, however, counsel for the plaintiff brought suit in the federal district court in the state of Kansas asserting a similar negligence claim against the defendants. Thus, the original complaint against the defendants in the state of Connecticut was never returned to court.
On June 11, 1993, the federal court in Kansas dismissed the plaintiff's action, and the plaintiff served the defendants with the writ, summons, and complaint presently before the court seeking to take advantage of Connecticut's accidental failure of suit statute.
By a motion for summary judgment filed with the court on January 23, 1995, the defendants assert that there are no material issues of fact in dispute and that they are entitled to summary judgment as a matter of law due to the lapse of the applicable statute of limitations. The defendants assert that this action is barred by the two year statute of limitations found in General Statutes § 52-584, and claim further that the plaintiff cannot rely on Connecticut's accidental failure of suit statute because the original Connecticut action was not commenced within the applicable two year statute of limitations period. The defendants claim that since the first complaint was never returned to court, no action was commenced for purposes of General Statutes § 52-584 or 52-592, and thus plaintiff can not avail himself of the extra one year which the accidental failure of suit statute provides.
The plaintiff opposes the defendants' motion and claims that the current suit is not time barred because the original suit commenced, for purposes of General Statutes § 52-592, when the defendants were served with the first complaint even though it was never returned to court. Both sides have submitted briefs in support of their respective positions.
DISCUSSION
A motion for summary judgment is proper if plaintiff's action is barred by the applicable statute of limitations.Burns v. Hartford Hospital, 192 Conn. 451, 472 A.2d 1257
CT Page 8263 (1984). The sole issue in this case is when did plaintiff's first action in Connecticut commence. The plaintiff asserts that a case commences when the defendants are served. The defendants asserts that a case commences when it is returned and filed with the court.
General Statutes § 52-592(a) states in part, "[ill any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed the plaintiff may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action . . . ."
The accident occurred in August of 1990. General Statutes § 52-584 provides for a two year statute of limitations for negligence actions. Thus, the plaintiff had until August 1992 to bring suit. The current complaint was placed in the sheriff's hand for service on the defendants on August 13, 1994 and was later filed with the court in September of 1993. Thus this suit is time barred if and only if the plaintiff can not avail himself of the accidental failure of suit statute quoted above.
"Under the accidental failure of suit statute, an action is deemed to have been commenced once it has been served on the defendant."Schon v. Commissioner of Transportation, Superior Court, JD of Hartford/New Britain at Hartford, DN. 523306 11 Conn. L. Rptr. 431 (May 10, 1994) (Aurigemma, J). See also Broderick v. Jackman, 167 Conn. 96
(1974) (holding that a suit commences when a writ is served upon the defendant and not when it is returned to the court.) In this case, even though the plaintiff never filed the original complaint with the court, under Connecticut law, the case was commenced on August 17, 1992, when defendant Kline was served by the sheriff.[1] Thus, the plaintiff can avail himself of the accidental failure of suit statute because the original suit was brought "within the time limited by law." Although there are no material issues in dispute, as a matter of law, the defendants are not entitled to summary judgment because the plaintiff properly brought suit when it served the defendants in the first action. CT Page 8264
In support of their position that a suit commences when the writ is returned to court, the defendants rely on two cases; Arpaia v. Corrente, 18 Conn. App. 539, 559 A.2d 719. (1989) and Pintavalle v. Valkanos, 216 Conn. 412,581 A.2d 1050 (1990). A close reading of the cases demonstrate, however, that they have little or no application to the legal issue before the court. Arpaia, supra, concerns the late return of the complaint two days before the return day which the court ruled "renders the action voidable and, if the defendants choose not to waive the jurisdictional defect of a late return, the trial court must dismiss the action." Arpaiav. Corrente, supra, 541. The court never addressed the specific issue of when a suit is deemed to commence.
In Pintavalle v. Valkanos, supra, the court did interpret General Statutes § 52-592, but it only clarified the meaning of the term "original action" as stated in the statute, and held that "`[o]riginal action' means the first action filed within the time allowed by the applicable statute of limitations." Pintavalle v. Valkanos, supra, 419. Because the Supreme Court held an original action begins when a case is "filed" within the proper limitations period, the defendants claim that the plaintiff cannot be said to have commenced an original action because the first case was never filed with the court. Earlier in the Supreme Court's reasoning, however, the Court stated its agreement with an appellate court decision, Marangio v. Shop Rite Supermarkets, Inc., 11 Conn. App. 156,525 A.2d 1389, cert denied, 204 Conn. 809,528 A.2d 1155 (1987), interpreting "original action" to mean "the first action brought by the plaintiff within the period of the applicable statute of limitations." (Emphasis added).Pintavalle v. Valkanos, supra, 416 quoting Marangio v. ShopRite Supermarkets, Inc., supra, 159-60. Thus, even though the Supreme Court may have inadvertently substituted the word "filed" for "brought" in its final holding, nothing in the Court's reasoning demonstrates that it meant to overturn the long-standing case law rule that a case is commenced when the defendant is served.
CONCLUSION
For the above stated reasons, defendants' motion for summary judgment is denied. CT Page 8265