[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 18, 1994, the plaintiff, Marie Manson, the administratrix of the estate of Ella Cubbage, commenced this action by filing a one count complaint against the defendant, Mr. Coffee, Inc. (Mr. Coffee). The plaintiff alleges that the decedent died on February 19, 1991, as a result of a fire in her apartment caused by a Mr. Coffee coffee maker. The plaintiff alleges that the defendant is a "product seller" under General statutes § 52-572m(a) and is liable under the Product Liability Act. The plaintiff alleges that the coffee maker was "defective and unreasonably dangerous and could not be used without reasonable risk of injury and damage." The plaintiff alleges that the defendant failed to warn or instruct that the product was dangerous and failed to provide notice that the product had dangerous propensities. The plaintiff alleges that the defendant was negligent under General Statutes §52-572m(a) for inadequate testing of the product; for the product's defective design; because the defendant knew or should have known of the product's dangerous characteristics; and for maintaining a "fuse system in the said drip coffee maker which, if working appropriately would have shut off the coffee machine when there was overheating and the said fuse system did not shut the system down when the coffee maker overheated." The plaintiff further alleges that the defendant breached an implied warranty of merchantability and that the product was not altered or modified by Manson or Cubbage in any way from the condition in which it was designed or sold by the defendant.
On December 29, 1994, the defendant filed a motion for summary judgment and a memorandum in support. On January 17, 1995, the plaintiff filed an "Objection To Defendant's Motion For Summary Judgment Dated December 27, 1994," accompanied by a memorandum of law in support of its objection. On February 10, 1995, the defendant filed a "Reply Memorandum of Law In Support of Defendant's Motion For Summary Judgment." On May 26, 1995, the court, Hartmere, J., denied the defendant's motion for summary judgment on the ground that the defendant failed to specially plead the statute of limitations defense before raising it as a basis for the summary judgment motion.
Thereafter, the defendant filed an answer with special CT Page 12541-HH defenses on June 27, 1995. The defendant alleged in its first special defense that the plaintiff's claim is barred by the two year statute of limitations for wrongful death, General Statutes § 52-555, since the plaintiff brought this action over three years after the death of plaintiff's decedent. In addition, the defendant's second defense alleged that the plaintiff's claim is barred by the three year statute of limitations for product liability actions, General Statutes § 52-577a. The defendant's third special defense alleged that, "[i]f the plaintiff sustained the injuries and damages alleged, those injuries and damages are not the result of the defendant's conduct or product because the defendant manufactured its product with the highest standards and in accordance with the state of scientific and technological knowledge at the time of manufacture." On July 10, 1995, the plaintiff filed a reply to the defendant's special defenses.
The defendant filed a renewed motion for summary judgment and a memorandum in support on July 17, 1995. On August 3, 1995, the plaintiff filed an "Objection to Defendant's Renewed Motion For Summary Judgment Dated July 13, 1995," accompanied by a memorandum of law in support of its objection.
A moving party is entitled to summary judgment where the pleadings and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384.Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
The defendant moves for summary judgment on the ground that "the plaintiff did not commence this wrongful death action within two years of plaintiff's decedent' s death, as required by Conn. Gen. Stat. § 52-555. Because the action is barred by virtue of the substantive and jurisdictional limitation in the statute, the defendant is entitled to judgment as a matter of law." (Defendant's Renewed Motion for Summary Judgment).
The plaintiff argues that the action is brought under the Product Liability Act and the appropriate statute of limitations is the three years contained in General Statute § 52-577a. Furthermore, the plaintiff argues that in bringing the present CT Page 12541-II action, she is relying upon the Accidental Failure of Suit Statute, General Statutes § 52-592.
The Product Liability Act encompasses wrongful death suits based on the plain language contained throughout the statutory scheme. The Product Liability Act includes all claims for "personal injury, [and] death . . . caused by the manufacture . . . of any product." General statutes § 52-572m
(b). A product liability claim, "may be asserted and shall be in lieu of all other claims against product sellers . . . for harm caused by a product." General statutes § 52-572n (a). Harm has been defined to include, "damage to property, . . . and personal injuries including wrongful death. " General Statutes § 52-572m (d).
The three year product liability limitation has been applied to wrongful death suits. In Bauer v. Johns-Manville Corporation,599 F. Sup. 33 (D. Conn. 1984), the district court observed that, "the products liability statute of limitations was amended to apply to wrongful death suits. One effect of this amendment was to increase the limitations period for products liability wrongful death suits to three years from the date of discovery of the injury." Id., 35.
The defendant argues that General Statutes § 52-555 is the exclusive statute that applies to any action brought for injuries resulting in wrongful death and imposes a two year statute of limitations on such actions. The defendant's argument is contrary to the holding in Maresca v. De Longhi, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 462046 13 Conn. L. Rptr. 206 (December 12, 1994) (Handy, J. ), a case factually identical to the present case.[1] In Maresca, Judge Handy determined that, "[b]ecause the [Product Liability] Act provides coverage for, and is the exclusive remedy for, injuries and death caused by product defects, the plaintiffs properly pleaded their claim under the Act. . . . Thus, the plaintiffs should not be required to plead under the Wrongful Death statute if the claim falls within the scope of the Product Liability Act."
Connecticut caselaw has recognized the applicability of the Product Liability Act where the use of a defective product results in the wrongful death of a decedent. See Champagne v.Raybestos-Manhattan, Inc., 212 Conn. 509, 562 A.2d 1100 (1989) (the plaintiff, as the administratrix of her deceased husband's CT Page 12541-JJ estate, brought suit against the defendant manufacturer of asbestos). See also Sanderson v. Steve Snyder Enterprises Inc.,196 Conn. 134, 491 A.2d 389 (1985) (where decedent was killed from a defective parachute pack, his administrators claimed liability against the defendant designer and manufacturer of the product upon theories of negligence, implied warranty and strict product liability).
Although the plaintiff's current action was not commenced until November 10, 1994 for damages incurred on February 19, 1991, the claim is not barred because the Accidental Failure of Suit statute, General Statutes § 52-592, saves the plaintiff's claim from being untimely. General Statutes §52-592 provides, "[i]f any action commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action was dismissed for want of jurisdiction, . . . or for any matter of form, . . . the plaintiff, or if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."
General Statutes § 52-592 is a remedial statute, "which is to be liberally interpreted. . . ." (Citation omitted; internal quotation marks omitted.) Lacasse v. Burns, 214 Conn. 464,471, 572 A.2d 357 (1990). "[Section 52-592] is designed to prevent a miscarriage of justice if the plaintiff fails to get a proper day in court due to the various enumerated procedural problems." (Alteration added.) Legassey v. Shulansky, 28 Conn. App. 653,659, 611 A.2d 930 (1992).
In order to take advantage of the accidental failure of suit statute, the plaintiff must, "commence a new action . . . for the same cause at any time within one year when any action has failed for any one or more of the enumerated reasons." (Emphasis deleted; internal quotation marks omitted.) Lacasse v. Burns, supra, 214 Conn. 470. Furthermore, a plaintiff need not plead the applicability of General Statutes § 52-592 in the second complaint, but only in response to such a defense properly raised. Parkes v. Patson's Confectionery Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 299236, 14 Conn. L.. Rptr. (Jan. 26, 1995) (Cocco, J.), citing Ross Realty Corp.v. Surkis, 163 Conn. 388, 392, 311 A.2d 74 (1972). When a special defense based on a statute of limitations is asserted it is "proper and CT Page 12541-KK desirable for [a plaintiff] to plead [§ 52-592] in his reply to the defendant's special defense," although the failure to do so is not fatal and the applicability of the statute, nevertheless, can still be asserted in opposition to a motion for summary judgment on the statute of limitations defense. Gulycz v.Sandpiper Dunes, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 372553, 9 Conn. L. Rptr. 216
(June 4, 1993) (Wagner, J.).
The plaintiff has satisfied the first requirement of §52-592. An earlier action entitled Estate of Ella Cubbage, MarieManson and Connecticut Insurance Placement Facility v. Mr.Coffee, Docket No. CV-94-0357767-S was filed on February 24, 1994. (the "initial action.") The court may take judicial notice of the file in the initial action.[2] The defendant was served with the complaint in the initial action on February 16, 1994, within three years after the date of the decedent's death. Thus, the initial action was timely commenced within the time prescribed by the product liability statute, General Statutes § 52-577a, because, "civil actions shall be commenced by legal process consisting of a writ of summons . . . accompanied by the plaintiff's complaint." General Statutes § 52-45a. "Under the accidental failure of suit statute an action is deemed to have been commenced once it has been served on the defendant." (Internal quotation marks omitted.) Skaggs v. Cline, Superior Court, judicial district of New London at New London, Docket No. 528122, 15 Conn. L. Rptr. 100 (July 12, 1995) (Hurley, J.).
In order to meet the second prong of § 52-592, the initial action must have been dismissed for one of the enumerated reasons in the statute. In the plaintiff's initial action, a three count complaint was filed, alleging separate causes of action on behalf of the three named plaintiffs. On June 6, 1994, summary judgment was granted by the court, Ripley, J., on the first count, as to the first plaintiff, the "Estate of Ella Cubbage" on the ground that an "estate" is not a legal entity and therefore has no standing to bring a suit. "[I]n the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case." Sadloski v. Manchester,228 Conn. 79, 83, 634 A.2d 888 (1993). Furthermore, the court determined that the amended complaint could not cure the defect as it was not filed by leave of court as provided by Practice Book § 176 or within 30 days as of right under Practice Book § 175. CT Page 12541-LL
The two remaining counts that were brought on behalf of the other named plaintiffs alleged property damage caused by the fire. The defendant moved to consolidate the remaining two counts of the initial action with the present action. The motion was granted by the court, Gray, J., on July 31, 1995.
The dismissal of the first count of the initial complaint constitutes the "dismissal of an action" under the Accidental Failure of Suit Statute, General Statutes § 52-592. Practice Book § 138 requires that when causes of action are separate and distinct from each other, separate counts in a complaint are necessary. In addition, Black's Law Dictionary defines the word count as used in a complaint to mean, "the plaintiff's statement of his cause of action. The different parts of a declaration, each of which if it stood alone, would constitute a ground for action." BLACKS LAW DICTIONARY 314 (5th. ed. 1979). There were three named plaintiffs in the initial action and each plaintiff brought one count representing that plaintiff's individual cause of action. If each count was severed from the complaint, each plaintiff would have a separate and distinct ground upon which to bring an action. Thus, it is apparent that the first count, which alleged wrongful death of the decedent as a cause of action, would constitute a separate action if it stood on its own.
The definition of an action supports the proposition that count one of the plaintiff's original three count complaint should be treated as a separate action that has been dismissed. An action or a cause of action has been described as "the lawful demand of one's right in a court of justice; and in this sense may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides." (Internal quotation marks omitted.) Isaac v. Mount Sinai Hospital,210 Conn. 721, 730, 557 A.2d 116 (1989). "It is well settled that a cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." (Citations omitted; internal quotation marks omitted.) Rogozinski v.American Food Service Equipment Corp. 34 Conn. App. 732, 738,643 A.2d 300, cert. denied, 231 Conn. 910, (1994), citing Pavelka v.St. Albert Society, 82 Conn. 146, 147, 72 A. 725 (1909). CT Page 12541-MM
The court has allowed the severability of a complaint under certain circumstances, where such action results in a just and equitable outcome for the plaintiff. In Allen v. Freedman, Superior Court, judicial district of New Haven at New Haven, Docket No. 358124, (11 Conn. L. Rptr. 504, April 27, 1994) (DeMayo, J.), in severing the counts of the plaintiff's complaint the court stated that, "[n]o Connecticut cases have been found which deal with the severability of a complaint in these circumstances. . . . The individual plaintiffs would be victimized if the entire complaint were stricken. This seems both harsh and inequitable since the writ of summons and the amended complaint are valid as to them." Id., 506.[3]
Similarly, in Sanders v. Officers Club of Connecticut. Inc.196 Conn. 341, 493 A.2d 184 (1985), the court permitted the severance of a two count complaint into two separate actions. The court, in deciding that the original complaint was severable, commented that, "When the writ was filed . . . separate and distinct causes of action were joined in one complaint and each party's cause of action was set forth in a separate count. It clearly appears there was then a first count, representing the decedent's cause of action as distinct from that of the plaintiff in the second count. . . . [In such circumstances], such an amendment can be allowed to a separable part of a complaint." Id. 346-47.[4]
Because the plaintiff's original action was dismissed for one of the enumerated reasons in General Statutes § 52-592, (for want of jurisdiction), the second requirement of General Statutes § 52-592 has been satisfied by the plaintiff.
The present action was commenced on November 18, 1994, within one year of the dismissal of the original action. Thus, the third requirement of General Statutes § 52-592 has been met.
The plaintiff is permitted to bring this present action for the wrongful death of the decedent. The purpose of General Statutes § 52-592 mandates such a result. "The saving statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the CT Page 12541-NN courts." Isaac v. Mount Sinai Hospital, supra, 210 Conn. 733, citing Gaines v. New York, 215 N.Y. 533, 539, 109 N.E. 594
(1915).
In this action, because the plaintiff brings a cause of action under the Product Liability Act and not under the wrongful death statute, her claim is not barred by the two year statute of limitations applicable to wrongful death actions. Furthermore, § 52-592 saves the present action from being untimely, since it was filed within one year from the time the original action was dismissed. Therefore the defendant's motion for summary judgment is denied.
Howard F. Zoarski, Judge