[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendants have moved to dismiss this action on the grounds that 1) the action does not fall within the confines of the accidental failure of suit statute Connecticut General Statutes § 52-592, 2) the statute of limitations has run on bringing a new action, and 3) the plaintiff is collaterally estopped from pursing a new action.
Factual and Procedural Background
By a complaint dated March 14, 1995 the plaintiff brought an action sounding in negligence against Christine Murphy and Timothy Redman. That complaint alleged that the plaintiff had been injured in an automobile accident on April 23, 1993. The defendant Christine Murphy filed Interrogatories and a Request for Disclosure and Production on May 12, 1995. A year later the plaintiff had failed to respond to those discovery requests and Murphy moved for a nonsuit. On August 12, 1996 this court, Hennessey, J. ordered that the plaintiff must comply with the aforementioned discovery requests by September 4, 1996, which the plaintiff failed to do.
On December 27, 1996 the action was dismissed for failure to prosecute with due diligence pursuant to Practice Book § 251. After that dismissal and additional motions by Murphy and intervention by the court, the plaintiff finally responded to the May, 1995 discovery requests on April 1, 1997, the same day on which she moved to set aside the dismissal.
This court acting through the undersigned denied the Motion CT Page 6188 to Set Aside Dismissal for the reason that "there has been no showing of good cause to support granting of this motion. Plaintiff's lengthy failure to respond to discovery request and to other wise prosecute this action was not caused by accident, mistake or other reasonable cause."
The present action was brought pursuant to Connecticut General Statutes § 52-592, the accidental failure of suit statute. The defendants have moved to dismiss this action on the grounds that § 52-592 applies only where the 251 dismissal is rendered after the case failed because of accident or simple negligence and this court has already ruled that there was no accident or simple negligence involved in the dismissal of the first suit.
Discussion of the Law and Ruling
Connecticut General Statutes § 52-592 provides:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect or the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or it, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of a judgment.
In Lacasse v. Burns, 214 Conn. 464, 474, 572 A.2d 357 (1990) the Supreme Court stated: "Under 251, the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the `reasonable' section of the diligence spectrum." Jaconski v. AMF, Inc., 208 Conn. 230, 234,543 A.2d 728 (1988). In the cases before us, the plaintiffs' diligence presumably did not fall within the "reasonable" section of the spectrum contemplated by 251. We conclude that that fact alone, however, is not sufficient to overcome the broad, remedial CT Page 6189 provisions of the accidental failure of suit statute. We hold, therefore, that the trial court correctly determined that in these cases, the prior dismissals of the plaintiffs' actions, entered pursuant to 251, constituted failures "for any matter of form."
The defendants argument assumes that in finding that the dismissal for failure to prosecute the original action was "not caused by accident, mistake or other reasonable cause" this court also found that the failure to prosecute was not the result of "simple negligence." That assumption is invalid. There is a clear distinction between accident, mistake or other reasonable cause, which will support the setting aside of a nonsuit or dismissal. and negligence, which will not. The Supreme Court has long held that negligence is no ground for vacating a judgment, and that the denial of a motion to open a nonsuit judgment should not be held an abuse of discretion where the failure to prosecute the claim was the result of negligence. Jaconski v. Amf Inc.,208 Conn. 230, 238, 543 A.2d 728 (1988); People's Bank v. Horesco,205 Conn. 319, 323-24, 533 A.2d 850 (1987); Jaquith v. Revson,159 Conn. 427, 432, 270 A.2d 559 (1970); Automotive Twins, Inc.v. Klein, 138 Conn. 28, 34, 82 A.2d 146 (1951).
Although this court did rule that the plaintiff did not prosecute her claim with reasonable diligence, the court made no ruling as to whether the plaintiffs conduct constituted simple negligence. The court certainly did not find that the plaintiff's conduct rose to the level of egregiousness recognized by the Court in Skibeck v. Avon, 159 Conn. 427, 431, 270 A.2d 559 (1970) where the Appellate Court stated:
 As previously noted, the trial court in the present case specifically held that "the egregious conduct of the plaintiffs case was never intended to be saved by the provisions of 52-592." Under the circumstances of this case, we agree. The genesis of this cause of action is an automobile collision that occurred eleven years ago. Suit was first instituted ten years ago and the first dismissal, although saved by a motion for a new trial, was granted nearly eight years ago. The case was again dismissed and saved by a motion to open. The original action was finally dismissed in December, 1987. After nearly eight years. the plaintiff had not managed to prosecute her claim and try the case on its merits. The present action was filed six months later.
CT Page 6190
 To allow this action to continue at this time would defeat the basic purpose of the public policy that is inherent in statutes of limitation. i.e. to promote finality in the litigation process. Marangio v. Shop Rite Supermarkets, Inc., 11 Conn. App. 156, 160, 525 A.2d 1389, cert. denied, 204 Conn. 809, 528 A.2d 1155 (1987). "Although 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless." (Citation omitted.) Pintavalle v. Valkanos, supra, 417.
For the reasons set forth above the Motion to Dismiss is denied.
By the court,
Aurigemma, J.