[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal brought under the provisions of General Statutes § 8-8 from a decision of the Zoning Board of Appeals of the Noank Fire District (hereinafter the Board) from a decision upholding the action of the acting zoning enforcement officer (hereinafter ZEO) of the Noank Fire District in issuing a cease and desist order for claimed violations of the applicable zoning regulation. For reasons hereinafter stated, the decision appealed from is affirmed.
Section 8-8 limits appeals from decisions of local zoning boards of appeals to parties who are aggrieved by a decision of the Board. Here, the evidence establishes that the plaintiff is the owner of the property in question and instituted the proceeding before the Board. It is, therefore, found that he is aggrieved within the meaning of § 8-8 and has standing to CT Page 7023 prosecute this appeal. Rogers v. Zoning Board of Appeals,154 Conn. 484, 488 (1967).
All notices required by law have been properly given and timely published. No questions concerning jurisdictions have been raised.
The basic facts underlying this appeal are not in dispute.
The property in question is subject to the Zoning Regulations of the Noank Fire District.
The plaintiff owns and operates the Noank Village Boatyard, Inc. at 38 Bayside Avenue, Noank. The property which is the subject of this action is owned by the plaintiff and abuts the boatyard property. On August 26, 1996, the ZEO issued a cease and desist order to plaintiff. The order claimed that the plaintiff was engaging in activities which violated the Noank Zoning regulations in that:
 1. You are conducting commercial marina activities in a resident (RV-20) zone (Section 3.0 et. seq.); and
 2. You are conducting commercial marina activities beyond the scope and in violation of the approved site plan for the Noank Village Boat Yard (Section 11.0 et. seq.).
Plaintiff did not deny the activities described by the ZEO but claimed that he had a right to conduct such activities for reasons hereinafter stated.
On September 16, 1996, the plaintiff appealed the action of the ZEO in issuing the cease and desist order to the Board under the provisions of General Statutes § 8-6.
A public hearing was held by the Board on this appeal, and on January 27, 1997, the Board upheld the action of the ZEO without stating its reasons.
This appeal ensued.
In considering the issues raised in this appeal, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, CT Page 702418 Conn. App. 674, 676 (1989). The authority of the court is limited by § 8-8 to a review of the proceedings before the Board. The function of the court in such a review is to determine whether the board acted fairly or on valid reasons with the proper motives. Willard v. Zoning Board of Appeals, 152 Conn. 247,248-49 (1964). The court is limited to determining whether the record reasonably supports the conclusions reached by the board. Burnamv. Planning Zoning Commission, 189 Conn. 261, 265 (1983). The court cannot substitute its discretion for the liberal discretion conferred by the legislature on the board. The court is limited to granting relief only when it can be shown that the board acted arbitrarily or illegally and consequently has abused its statutory authority. Gordon v. Zoning Board, 145 Conn. 597, 604
(1958). The burden rests with the plaintiff to prove the impropriety of the Board's actions. Burnam, supra, 189 Conn. 266.
It is not the function of the court to rehear the matter or question the wisdom of the defendant Board in taking the action which it did. The court is limited to determining whether or not the Board's action can be supported under the law.
Although the factual and discretionary determinations of the Board must be given considerable weight by the court, it is for the court to expound and apply governing principals of law.Domestic Violence Services of Greater New Haven, Inc. v. FOIC,47 Conn. App. 466, 470 (1998).
Following an appeal from the action of a zoning enforcement officer to a zoning board of appeals, "a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the board and the record before the board." Caserta v. ZoningBoard of Appeals, 226 Conn. 80, 82 (1993). The board in reviewing the action of the ZEO was "acting administratively in a quasi-judicial capacity in applying the [regulation]." Lawrence v.Zoning Board of Appeals, 158 Conn. 509, 514 (1969).
Where, as here, the Board fails to state the reasons for its action on the record, the court must search the record to attempt to find some basis for the action taken. Grillo v. Zoning Boardof Appeals, 206 Conn. 362, 369 (1988).
In prosecuting this appeal the plaintiff has raised these separate issues each of which will be addressed: CT Page 7025
 I. Is the plaintiff in lawful compliance with the zoning regulations?
 II. Is the plaintiff's use of the property an accessory use under the zoning regulations?
 III. Is the present use of the property a preexisting nonconforming use?
 I.
The property in question was purchased by the plaintiff in 1982. It had formerly been zoned Industrial, but at the time the plaintiff acquired title the zone had been changed to RV Village Residential. The property abuts Noank Village Boatyard, Inc. operated by plaintiff. The boatyard property is in a Waterfront Commercial Zone. The thrust of the cease and desist order was that plaintiff was using the RV Village Residential property for the commercial storage of boats and parking in connection with the adjacent boatyard operation in a Waterfront Commercial Zone.
Section 9 of the zoning regulations covers off-street parking. Boatyard off-street parking is covered in § 9.19. Section 9.3, entitled "Location of Required Parking Facilities," was amended to provide that "(r)equired parking facilities shall be located on the same lot as the building or use which they serve."
Plaintiff claims that his use of the subject property is in compliance with § 9.3 since the regulations do not require that the off-street parking facilities be in the same zone as the facility which they serve.
Prior to 1990, § 9.3 allowed the off-street parking area to be within 200 feet of the use served. There was evidence that the intent of the amendment requiring the off-street parking be on the same lot was to make certain that the parking and the supported use be in the same zone.
Plaintiff claims that at the time he acquired the property in question, it was nonconforming in that it was only 13,901 square feet in area while the zoning regulations for the Village Residential District (RV) required 20,000 square feet. He further claims that under the provision of § 2.12 of the regulations the two lots merged into one making him in compliance with § CT Page 7026 9.3.
Section 2.12 covers nonconforming lots existing at the time the regulations were enacted. The first paragraph of the section deals with lots in separate ownership and not in continuous frontage with other lots of the same owner. The second paragraph covers lots in single ownership which do have continuous frontage. This second paragraph states that if such lots do not meet the requirements for width and area the lots shall "be considered to have merged and shall be considered a single lot for the purposes of these Zoning Regulations." These provisions of § 2.12 form the basis of plaintiff's argument that he is in compliance with § 9.3.
Section 2.12, however, cannot be considered in isolation. The zoning regulations must be interpreted to find the expressed intent of the legislative body from the language used to manifest that intent. Coppola v. Zoning Board of Appeals,23 Conn. App. 636, 640 (1990). The regulations must be read as a whole and construed to give effect and harmonize all of its parts. Marangiov. Shop-Rite Supermarkets, Inc., 11 Conn. App. 156, 160 (1987).
The above principals necessitate consideration of § 2.8 of the regulations which provides:
LOT LYING IN MORE THAN ONE DISTRICT
 In the case of a lot lying in more than one district, the provisions of each respective district shall be applied to that portion of each lot that occurs within each respective district.
Under the provisions of this section even if the subject lot has merged with the adjoining boatyard property the regulations applicable to the Village Residential District (RV) would apply. Since § 3.6 limits off-street parking to uses permitted in the Village Residential District (RV), and boatyards are not permitted uses in the district, it has not been established that plaintiff is in compliance with the regulations.
 II.
Plaintiff also claims that the use of the lot as a parking lot constitutes an accessory use under the zoning regulations. Section 3.1.6 states that accessory uses, as defined in § CT Page 7027 18.2.2 of the regulations, are permitted in the Village Residential District (RV). Section 18.2.2 provides, in pertinent part:
 Accessory Uses: A subordinate use which is incidental to and customary in connection with the main building or use and which is located on the same lot with such main building or use, . . .
Assuming that the lot in question has merged with the adjoining conforming boatyard lot, plaintiff contends that the accessory use is permitted since the regulations do not specifically require that the accessory use be in the same zone as the principal use. This argument fails to consider § 2.8 which requires that where a lot lies in more than one district the provisions of each respective district shall be applied to that portion of each lot that occurs within each respective district. This section is found in § 2 of the regulations, entitled "General Provisions," and is obviously intended to be applied generally and to all situations. The regulations must read as a whole and construed to give effect and harmonize all of its parts. Marangio v. Shop-Rite Supermarkets, Inc., supra,11 Conn. App. 160. For this reason, it cannot be found that the board was in error for failure to determine the plaintiff's use of the lot was an accessory use.
 III.
Plaintiff claims that his present use of the property constitutes a valid nonconforming use which has not been abandoned.
General Statutes § 8-2 provides that the zoning regulations shall not prohibit the continuance of any nonconforming use existing at the time of the adoption of such regulations. In order for the use to receive the statutory protection it must be established that the use was nonconforming at the time the ordinance was enacted. Beckish v. Planning Zoning Commission, 162 Conn. 11, 16 (1971). Plaintiff bears the burden of proving the existence of such a nonconforming use.Pleasant View Farms Development, Inc. v. Zoning Board of Appeals,218 Conn. 265, 272 (1991).
Plaintiff claims that the lot was a part of Abbott's Cannery and that it was used for parking and the storage of boats and CT Page 7028 other equipment consistent with waterfront commercial uses at the time the zone was changed to RV Village Residential in 1974. He further claims that this use continued without change in character, nature or intensity to the present so that when he acquired the lot in 1982 it was nonconforming and that it continues to be nonconforming. He presented evidence to the board in support of his position.
There was, however, substantial evidence to the contrary. The aerial photographs, together with the testimony of Attorney Bates, tended to prove that prior to and at the time of the zone change, there was no use of the property which could constitute a preexisting nonconforming use. The testimony of Lynn C. and Brian Watrous who lived in the area and observed the subject property also supported a conclusion that plaintiff did not have a nonconforming use as did other evidence before the board.
Plaintiff questions the reliability and sufficiency of this evidence. However, the credibility of witnesses and the determination of factual issues are matters within the province of the board. Spectrum of Connecticut, Inc. v. Planning ZoningCommission, 13 Conn. App. 159, 163 (1988). Courts are not to substitute their judgment for that of the board and decisions of local boards will not be disturbed so long as honest judgment has been fairly exercised after a full hearing. Whittaker v. ZoningBoard of Appeals, 179 Conn. 650, 654 (1980).
The question is not whether the court would have reached the same conclusion as the board but whether the board acted arbitrarily or illegally and consequently abused its statutory authority. Garbo v. Zoning Board, supra, 145 Conn. 609. Here, it has not been established that the board abused its authority.
 IV.
Accordingly, the decision appealed from is affirmed.
Joseph J. Purtill Judge Trial Referee