[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 118)
The plaintiff instituted the present action seeking to recover damages based upon the nonpayment of a demand note executed by the defendants. The defendants have now moved for a summary judgment asserting that the claims are barred by the applicable statute of limitations. The defendants have filed an affidavit in support of their motion for summary judgment and the contents thereof are not contested by the plaintiff.
In November of 1989, the defendants executed a demand note payable to the Citytrust Bank. Demand for payment was made on February 15, 1991, and no payments have been made since that time. The present action is the fourth suit brought with respect to the-collection of the sums due under the demand note.
In 1991, the defendants were served with a writ, summons and complaint on behalf of the Federal Deposit Insurance Corporation as the receiver for Citytrust. That action was dismissed on or about December 11, 1992, for failure to prosecute with due diligence. In 1994, an action was commenced against the defendants by Diversified Coolidge Equities, L.P., for the collection of the sums due under the note, and that action was subsequently withdrawn by the plaintiff. In 1995, the substituted plaintiff in CT Page 10053 this action, Diversified Financial Systems, Inc., commenced an action against the defendant to collect the sums due under the note, and that action was dismissed on or about June 20, 1997, for failure to prosecute with due diligence. The present action was served upon the defendants on June 19, 1998.
The defendants claim that in light of the February 15, 1991, demand by Citytrust and by operation of General Statutes §42a-3-118(b), an action to enforce the defendants obligations under the note would have to have been commenced within six years of the date of the demand, that is, by February 15, 1997. The defendants assert that the present action was not commenced until June 19, 1998, beyond the six year period, and is therefore time barred.
The plaintiff does not contest the application of the statute or the six year period but asserts the action is not time barred by virtue of the provisions of General Statutes § 52-592 (a) which provides, in pertinent part, that
 "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . ."
The plaintiff, therefore, asserts that the third action, instituted in 1995, was not dismissed until June 20, 1997, and, therefore, the present action, instituted on June 19, 1998, was within the one year period provided in the above quoted statute.
In the context of 5 52-592 (a), "original action' is used to refer to the first action filed by the plaintiff within the period of the applicable statute of limitations." (Emphasis in original.) Pintavalle v. Valcanos, 216 Conn. 412, 417 (1990); see also Marangio v. Shop Rite Supermarkets, Inc., 11 Conn. App. 156
(1987), cert. denied., 204 Conn. 809 (1987).
The first action filed by the plaintiff within the period of the statute of limitations was the 1991 action which was dismissed on December 11 1992. Accordingly, for the purposes of General Statutes § 52-592 (a), that action would have to be commenced within one year of that date. However, such an interpretation does not shorten any statute of limitations CT Page 10054 applicable to the plaintiff's claim since any action could have been brought by the plaintiff up until February 15, 1998, and the provisions of General Statutes § 52-592 (a) would not be applicable to such a claim.
Accordingly, the motion for summary Judgment is hereby granted.
RUSH, J.